By the Court. Hoffman, J.
This case appears to me to be a clear one. There was an express warranty against using any foreign ports or places in the Gulf of Mexico. There was then an exception or qualification of that warranty by permission to use the port of Laguna for one voyage. The exception is limited to that port.
If the parties had knowledge of the Mexican port regulations when the vessel sailed, then the voyage to Laguna, with the necessity of going to another port in the Gulf, and actually passing by Sisal on the way and returning to it, was a plain infringement of the warranty. But if all the parties were ignorant of the regulations, then the question is, whether the insurers, who guarded themselves with a warranty, and made an exception of one port, can be held liable when the vessel reached that port, and was compelled, by these regulations, to go to another ?
It cannot be imagined that the insurers intended to cover a voyage in which the vessel had to retrace her path seventy leagues to the northward, in the Gulf of Mexico, and to return again the same distance to Laguna. The-warranty rejects it, and there is nothing in the case to justify an inference of such a permission.
I am of opinion that the complaint should be dismissed.
Judgment accordingly.