DAVID N. GREENLEAF, DUNCAN S. CARTER, AND WILLIAM P. WILCOX, Appellants, *v.* THE ST. LOUIS INSURANCE COMPANY, Respondent.

1. *Insurance—Policy—Deviation—Warranty.*—A time policy was issued upon a steamboat, which excepted the navigation of certain waters. After the issue of the policy, the boat made a trip upon the forbidden waters, and returned safely to port, and while in port was subsequently destroyed by fire. *Held,* that by the terms of the policy the insurance of the boat, while navigating the permitted waters, did not constitute a warranty, but only an exception to the perils insured against, and that the insurers were liable upon their policy.

*Appeal from the St. Louis Circuit Court.*

*T. T. Gantt* and *J. H. Rankin,* for appellants.

In 1839 a policy of a similar character came before Mr. Justice Story, and was construed by him in the case of Palmer v. Warren Ins. Co., 1 Stor. 360 et seq. * * * The appositeness of the remarks of Mr. Justice Story in the case of Palmer v. Warren Ins. Co., and the authority of the Supreme Court of the United States in the case of Yeaton v. Fry, 5 Cranch, 335, render it unnecessary to say anything. It is submitted, that

I. The exception of the Missouri, Red, White, Arkansas and Yazoo rivers in the policy does not amount to a warranty, or a condition that the A. McDowell should not, during the time covered by that instrument, enter any of these rivers; but,

II. That exception did have the effect of suspending the liability of the underwriters during any navigation of those rivers, and of exempting them from any liability for loss or damage consequent upon such navigation.

III. That the loss stated in the petition having been in no respect caused or contributed to by the trip to Kansas, the underwriters are liable therefor.

*Glover & Shepley,* for respondent.

I. The voyage up the Missouri river being on waters not

covered by the policy, and a voyage not provided for therein, is a deviation and the insurers are discharged.

1. To constitute a deviation it is not necessary that there should be an increase of risk. The risk may be actually less than that permitted by the policy. It is enough that it is not the risk insured. The insured has no right to substitute other risks, and a deviation instantly results the moment another and different risk is taken from the one insured. (2 Par. Mar. Law, 276; Kelsell v. Wiggins, 13 Mass. 68; 2 Par. Mar. Law, 283; Ellcott v. Mason, 4 Bro. P. C. 469.)

2. Any deviation, however slight, or for however short a time it may exist, discharges the insurer. (Coffin v. Newburyport, 9 Mass. 436–39; Walsh v. Homer, 10 Mo. 6.; Natchez Ins. Co. v. St. bt., 2 Sm. & M. 340; Gazzam v. Ohio Ins. Co., Wright, 204; Jolly's Ex'rs v. Ohio Ins. Co., Wright, 540.)

3. The fact that this is a time policy in no manner affects this case, as the waters in which the vessel was to run during the risk insured were specified in the policy, and there could be no departure from these without it being a deviation.

4. But in fact this is no time policy. A time policy is when the insurance extends from one time named to another time named, on a vessel, without confining her, or naming any particular ports or seas in which the vessel shall run. These are called mixed policies, illustrations of which will be found in 1 Arn. on Ins., 412–15.

5. The plaintiffs voluntarily took the chances as to what effect this would have upon their insurance when they declined to insure for the voyage, and took the risk themselves, and did not obtain any permission from the defendant. Therefore, they voluntarily incurred, with full knowledge, all the consequences of the act.

II. The words used in the policy are a warranty on the part of the insured that during the period for which the boat was insured she would not go into the Missouri river. So that here is not only a deviation, but the same act is a breach

of a warranty on the part of the insured. The elements and effects of a warranty in a policy are these:

*a.* It must appear on the face of the policy itself.

*b.* It must relate to the risk.

*c.* It is immaterial whether a loss can be traced to the breach of the warranty or not. (1 Arn. Ins., 581.)

*d.* A warranty is part of the contract, and must be performed whether material or immaterial. (1 Arn. Ins., 584; Gaty v. Phœnix Ins. Co., 30 Mo. 56.)

1. The clause in the policy is a warranty on the part of the insured that the boat will not, during the continuance of the policy, run in the Missouri or other excepted waters.

A warranty is an expression or stipulation inserted in a contract of insurance, (Wall v. East River Ins. Co., 3 Seld. 370; 6 Wend. 488; Wright, 202 & 539; 1 Arn. on Ins. 577, 579 & 581; 2 Par. Mar. Law, 106–31; 30 Penn. 315; 6 Gray, 221; Ogden v. Ash, 1 Dall. 162,) and it makes no difference though it was known to the insurer that the warranty was false at the time the insurance was made. (30 Penn. 315.)

A breach of warranty touching a future fact avoids the policy. (1 Arn. on Ins. 583.) Thus an insurance of "the American ship M.," the "Spanish brig M. C.," the "Swedish brig S.," is a warranty that the vessel is as stated. (1 Phil. on Ins., 416.)

WAGNER, Judge, delivered the opinion of the court.

This was an action on a policy of insurance for five thousand dollars effected in the St. Louis Insurance Company on the hull of the steamer A. McDowell.

The insurance was for one year beginning on the 4th day of April, 1862, and ending on the 4th day of April, 1863. The policy contained the following clause: "With permission to navigate the Mississippi and Ohio rivers and their tributaries, usually navigated by boats of her class, the Missouri, Arkansas, White, Red, and Yazoo rivers excepted."

At the trial the following facts were agreed upon by both parties:

1. That the policy described in the petition was executed by the insurance company.

2. That on the 24th of May, 1862, the McDowell left St. Louis on a voyage to Leavenworth, Kansas, and returned to St. Louis on the 1st day of June, 1862.

3. That said voyage was undertaken entirely for the United States Government, the vessel having no freight except 300 soldiers and 200 mules and horses.

4. That full notice of her arrival and departure on this trip was given by advertisement in the Daily Missouri Republican, a paper taken daily by defendant.

5. That no damage was done to said vessel, by said voyage, and that she returned in a good and seaworthy condition to the port of St. Louis.

6. That no other act of the plaintiffs, except said voyage, is set up by the defendant to defeat this action.

7. That before the McDowell went into the Missouri river on said voyage the owners had a consultation about the expediency of obtaining insurance on said vessel, in the Missouri river, during said voyage, but they finally concluded to take the risk themselves for that voyage. It is insisted in support of the judgment of the court below, that the policy contained a warranty that the vessel should navigate none of the excepted streams; and also that in going into the Missouri river the boat had been guilty of a deviation.

If either of these positions be true, it is fatal to the appellants. Every affirmation of a fact contained in a policy, in whatever terms expressed, will be construed as a warranty. (2 Duer on Ins., 644.) Designating a ship as of a certain nationality; describing her as containing a certain armament, or as being fitted out in a particular manner, will amount to a warranty that the vessel is of the national character ascribed to her, and that she has the armament or outfit described, and whether these matters are material or immaterial as regards the risk will make no difference. The first question to be determined in interpreting the clause in the policy is to ascertain the true intention of the parties to

the instrument; and here it is to be considered that the provision or exception being in writing, and being the especial words of the insurers, if there is any ambiguity or uncertainty, the construction must be most strongly against or unfavorable to them. (2 Par. on Marit. Law, 55.) From a careful perusal and examination of the exception, we are of opinion that it does not constitute a warranty.

This was a time policy, and a policy *on time* insures no specific voyage, but covers any voyage within the prescribed time. It is of the nature of a policy on time that it limits the vessel to no geographical track, and deviation is therefore not predicable of it. (Bradlie v. Md. Ins. Co., 12 Pet. 378; Union Ins. Co. v. Tyson, 3 Hill, 118; Keeler v. Fireman's Ins. Co., 3 Hill, 250.)

In Yeaton v. Fry (5 Cranch, 335) the policy of insurance was for a specific sum on the brig Richard, " at and from Tobago to one or more ports in the West Indies, and at and from thence to Norfolk," and the insurance was declared to be made against all risks, blockaded ports and Hispaniola excepted." The vessel sailed from Tobago to a blockaded port, but without a knowledge of the blockade, and was turned away, and afterwards on her voyage back to Norfolk was captured by a French privateer. Chief Justice Marshall delivered the opinion of the court, and held that the words " all blockaded ports," &c., could not be construed as a warranty on the part of the insured, but were the words of the insurers and must be considered as an exception from the general risks of the policy.

In a policy of insurance on time containing the following clause, " excluding, during the term, all ports and places in Mexico and Texas, also the West Indies, from July 15 to October 15, 1839, each at noon"—and the vessel sailed from New York for, and arrrived at St. Iago de Cuba, within the excluded period, and was lost on her return in December following—it was decided that the underwriters were liable, the loss not happening within the excepted period, and the clause in the policy not being an exception or exclusion of

3—VOL. XXXVII.

voyages, but only a suspension of the risk during such time as the vessel should be at the excepted ports. (Palmer v. Warren Ins. Co., 1 Sto. 360.)

Now, the McDowell made her trip in the Missouri river in the latter part of May, and was destroyed by fire in the subsequent October. It is admitted that while prosecuting her voyage in the Missouri river she received no damage or injury whatever that in anywise conduced to her destruction. The permission in the clause is to navigate the Mississippi and Ohio rivers and their tributaries, excepting the Missouri and others, during the term of one year.

The language here does not amount to a prohibition, or a condition, or a warranty. The words without the exception would embrace all the tributaries of the above mentioned rivers. The exception has the effect of restraining or suspending the liability of the underwriters in a certain event. If the intention had been that the policy should be defeated by making voyages on any of the excepted rivers, that intention would have been expressed. But if there is any doubt about it, that exception being made by the parties for their own benefit to relieve themselves from a risk which they otherwise would have incurred, the doubt is to be resolved against them. The policy did not amount to a prohibition or warranty against navigating the excepted rivers, on the part of the assured, but to a suspension of the risk during the period the boat was so employed.

This is not like the case of Stevens v. Conn. Mut. Ins. Co., 6 Duer, 594. There the policy of insurance on which the action was founded contained a warranty that the vessel insured should not use any port or ports in the Gulf of Mexico, and there was a plain breach of the warranty on the part of the assured.

The judgment is reversed, and, as there is no disagreement about the facts, judgment will be entered in this court for the appellants.

Judge Holmes concurs; Judge Lovelace absent.