————o————

GEO. W. KOONTZ and L. E. KOONTZ, his wife, Defendant in Error, *vs.* THE CENTRAL NATIONAL BANK OF BOONEVILLE, Mo., Plaintiff in Error.

1. *Agency—Bills and notes—Draft—Money paid collector by mistake—Collector liable, when.*—A draft drawn by A. upon B., by inadvertence of the collector, was presented to C., and paid by him, under a mistaken impression as to his liability, and remitted to A. by the collector before the mistake was discovered. *Held,* that as the money was paid by C. and received by the collector under a mutual mistake as to the facts, the latter would be liable to the former in an action for money paid. In such case, it makes no difference that plaintiff had the means of knowing of the error, and might by diligence and care have avoided the payment.

*Error to the Cooper County Circuit Court.*

*Draffen & Muir,* for Plaintiff in Error.

I. This is a suit for money had and received, and before the defendants in error can recover they must show an *express* promise on the part of the plaintiff in error to pay, or such a state of facts as that the law will imply one.

II. Where money is paid to a known agent, although by mistake, the action ought to be brought against the principal, and it will not lie against the agent, except after notice, or where he has acted *mala fide*; the rule being *respondeat superior* in such cases.

*McMillan Brothers,* for Defendants in Error.

I. In this case the money was paid under a mistake of facts; and it is no defense that the defendant in error, Mrs. Koontz,

had within her reach the means of ascertaining the truth, or that she omitted to use vigilance and care by which the mistake would have been avoided. (Marriot vs. Hampton, 2 Smith's Lead. Cas., 5th Am. Ed., 400; Kingston Bank vs. Eltinge, 40 N. Y., 391; Union Bank of Troy vs. Sixth National Bank of N. Y., 43 N. Y., 452; Citzens' Bank of Baltimore vs. Graffion, 1 Am. Rep. 66; 31 Maryland, 507; Kelly vs. Solari, 9 M. & W., 54; B. & S. R. R. Co. vs. Farmer & Passmoor, 6 Gill, 68.)

II. The rule is that money paid under mistake of fact can be recovered by the payer from the receiver, and it is no defense that he received it as agent, and has paid it over to his principal. (Kingston Bank vs. Eltinge, 40 N. Y., 399; Bank of Commerce vs. Union Bank, 3 Com., 230; Canal Bank vs. Bank of Albany, 1 Hill, 287; Rheel vs. Hicks, 25 N. Y., 289.)

III. In this case, if the plaintiff in error was the agent of the Second National Bank of St. Louis, at all, it was the agent to collect said draft of Mrs. M. A. Simpson and remit the collection, and for no other purpose; the plaintiff in error was not authorized by the Second National Bank, either by said draft or otherwise, to collect the same from defendant in error, Mrs. Koontz. The act of plaintiff in error, in collecting said draft of Mrs. Koontz, when it was drawn on Mrs. Simpson, was its own act, for which it alone is responsible. (Sto. Ag., §§ 68, 76, 83; Paley on Agency, 102; 38 Mo., 228, 245; 46 Mo., 186; 47 Mo., 181; 1 Pars. on Notes and Bills, pages 105, 119.)

IV. It is no defense that plaintiff in error cannot be restored to his original position upon paying back the money. The rule is that where one of two must lose, the party having the legal right must prevail. (Kingston Bank vs. Eltinge, 40 N. Y., 399, 400; Rheel vs. Hicks, 25 N. Y., 289.)

V. It is no defense that Mrs. Simpson became insolvent after said draft was accepted and paid, and before plaintiff in error was notified. Defendant in error was duly diligent in notifying plaintiff in error of the mistake, having notified defendant in error as soon as said mistake was discovered. (Rheel vs. Hicks, 25 N. Y., 289 above cited; Union Bank vs. U. S. Bank, 3 Mass., 75.)

WAGNER, Judge, delivered the opinion of the court.

This case was tried in the court below on an agreed statement, and the material facts are, that prior to July 1870, Mrs. Koontz was engaged in selling millinery goods in the city of Booneville, and at the same time Mrs. Simpson was also engaged in the same kind of business.

Both of them were customers of C. H. Tuttle of St. Louis, who was in the habit, from time to time, of drawing drafts on each of them for amounts due on their purchases, which drafts were sent to the Second National Bank of St. Louis, for collection, and were collected and remitted. On the 7th day of July, 1870, Tuttle drew the draft out of which this controversy arose, on Mrs. Simpson for $100.00. The collecting officer of defendant by inadvertence and mistake, presented it to Mrs. Koontz instead of Mrs. Simpson, and Mrs. Koontz under the impression at the time that she was indebted to Tuttle and that the draft was drawn on her, paid the money and took up the draft. On the same day, defendant remitted the money to the Second National Bank, stating that the collection was on account of Mrs. Koontz. At this time, Mrs. Koontz and Mrs. Simpson were both solvent.

No notice was given to the defendant of the error until the 1st of December, 1870, being after the defendant had remitted the money to Tuttle, and after Mrs. Simpson had become insolvent. The court decided as matter of law, on the agreed facts, that defendant was liable to pay the money, and accordingly gave judgment for the plaintiff. It is now alleged for error that the defendant was the mere agent of Tuttle for the collection of the money, and as it paid the same over to its principal before the discovery of the mistake, it cannot be held liable. The general rule undoubtedly is, that if a party, who pays money to an agent for the use of his principal, becomes entitled to recall it, he may, upon notice to the agent, recall it, provided the agent has not paid it over to his principal, and also provided no change has taken place in the situa-

tion of the agent since the payment to him, before such notice. Therefore, if the money has been paid over to the principal before notice of recall, the agent will not be liable, unless indeed, the receipt of the money by the agent was obviously fraudulent and illegal, or his authority to receive it was known to himself to be void. (Sto. Ag., § 300.)

But there is a large class of cases, and this appears to be one of them, in reference to the responsibility of agents, that does not come within the rule above announced. This is a case of mutual mistake, and it makes no difference that the plaintiff when she paid the draft, had the means of knowing, and might by diligence and care have avoided the payment. It is held that it is no bar to an action, that the party paying had the means of knowing, and might have availed himself, of those means by care and attention, and thus have arrived at exact knowledge. (Waite vs. Leggett, 8 Cow., 195.) "Care and diligence" says Hunt, Ch. J., in a case involving precisely the question here in controversy, "are not controlling elements in the case." It is a question of fact merely. The inquiry is, are the parties mutually in error, and did they act upon such mutual mistake? Was there or not, an error between the parties? And the determination of the fact controls the result. (The Kingston Bank vs. Etlinge, 40 N. Y., 391.)

If the money is paid under the impression of the truth of a fact which is untrue, it may, generally speaking, be recovered back, however careless the party paying had been in omitting to use due diligence to inquire into the facts. (Kelly vs. Solari, 9 M. & W., 54 ; Marriot vs. Hampton, 2 Sm. Lead. Cas., 403, notes.) The imputation of negligence would not bar the plaintiff's action.

In the Canal Bank vs. Bank of Albany, (1 Hill, 287,) which was an action by one bank to recover from the other, the amount of a draft paid to it upon a forged indorsement of the name of the payee, the plaintiff recovered as for money paid by mistake, and it was held no defense to show that the defendant had collected the money as the agent of another bank, in the city of New York, and had in good faith, and without notice, paid over the money to its principal.

Here a loss was inevitable to the defendant or its principal, and it was impossible to restore them to the position of the holder of an immature and unprotected draft.

They were nevertheless held liable.

The court in the opinion says: " The conduct of both parties was *bona fide*, and the negligence or rather misfortune of both the same. It was the duty, or more properly, a measure of prudence in each to have inquired into the forgery, which both omitted. "

But this raises no preference at law or equity in favor of the defendants, but against them. They have obtained the plaintiff's money without consideration, not as a gift, but under a mistake. For the very reason that the parties are equally innocent, the plaintiffs have the right to recover. The same principle is laid down in the same manner in the Bank of Commerce vs. Union Bank, (3 Comst., 230.) There the Union Bank had paid to its correspondent in New Orleans, the money received from the plaintiff.

In the case of Rheel vs. Hicks, (25 N. Y., 289,) a complaint had been made against the plaintiff that he was the father of a bastard child, of which one Louisa Hepe was pregnant, and upon the oath of the said Louisa, the plaintiff was arrested, and compromised the matter with the superintendent of the poor by paying him the sum of fifty dollars in consideration of a full settlement, and release for the child's support. It turned out that the complainant was not pregnant with a child by any one, and that she was not delivered of the child at all. The plaintiff brought his action against the defendant to recover back the money, and succeeded. The court held that the fact that he had paid over the money to the county, did not alter the case, although it was his duty so to pay over all moneys received for the support of bastards.

In Kingston Bank vs. Eltinge, *ubi supra* in passing upon this question, the court say, " One party or the other being compelled to lose, the question is, which shall it be. The answer given by the authorities is, that the party having the legal right must prevail.

Many other cases might be adduced to the same effect, but it is unnecessary.

It is apparent that the parties acted under a mistake of fact, and that both were mutually in error, and if, in consequence of such mutual mistake, one party has received the property of the other, he must refund; and this without reference to vigilance or negligence. As the draft was wrongfully presented to the plaintiff, and it was paid by reason of a mutual mistake. I think that she is entitled to recover, and that the judgment of the court below should be affirmed.