# WILLIAMS, Appellant, v. CARROLL COUNTY.

### Division One, February 19, 1902.

1. **County Mortgage: OVERPAYMENT: MISTAKE OF CLERK: MUTUALITY: FRAUD.** A petition that states that plaintiff, being indebted to the county for money borrowed from its school fund, went to the clerk and announced that he wished to pay the amount due on said obligation, and trusted to the clerk to calculate the interest and compute the amount due thereon, and that the clerk undertook to make the calculations, but erroneously charged him compound interest on the unpaid annual interest installments, and that the amount overpaid by and due him for such error in calculation is a certain sum, states a good cause of action. It is not necessary to charge mutuality of mistake. Nor is it necessary that the petition charge that the clerk's mistake was fraudulent.

2. ———: ———: ———: **MISTAKE OF LAW.** Because the amount paid to the clerk by the borrower in such case shows a calculation based on an erroneous construction of the bond, the court can not assume that those calculations were due to a mistake of law in construing the bonds to provide for compound interest instead of simple interest. If the petition alleges they were the result of a mistake of fact, the court should not, on demurrer, hold them to be mistakes of law.

3. ———: ———: **INTEREST ON INTEREST.** The bond to the school fund provided for the payment of the principal sum twelve months after date thereof with eight per cent interest thereon from date, and "that all interest not punctually paid shall bear interest at the same rate as the principal." *Held,* that this bond did not provide that the interest as it became due should become principal and bear interest, nor did it in anywise provide for compound interest. And where such interest is paid under a mistaken view of the clerk that it provided for compound interest, the excess may be recovered from the county.

Appeal from Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED AND REMANDED.

*George D. Williams* for appellant.

(1) The mistake was one of fact, not of law, and the petition sufficiently alleges mistake and error in the overpayment, inasmuch as it alleges it to have been made through error, and by mistake; and if the overpayment was in fact made, respondent can not in equity and good conscience retain that part of the payment that was excessive. Yeater v. Hines, 24 Mo. App. 619; Ashley v. Jennings, 48 Mo. App. 142. (2) If the allegation of mistake in the petition is sufficient, as contended by appellant, the only remaining ground upon which the action of the court in sustaining the demurrer can be upheld is, that the petition does not specifically show overpayment. Whether it does or not involves the question of the true construction, or meaning, of the bond, with special reference as to what kind of interest, the interest annually earned by the principal sum, when defaulted, shall bear, whether simple or compound.

*S. J. Jones* for respondent.

(1) Appellant's petition does not state facts sufficient to constitute a cause of action. (a) It does not allege a mutual mistake of fact. (b) It does not allege that the county clerk, purposely, by false or fraudulent misrepresentations, misled appellant, and that on account of such representations appellant was induced to make the alleged payment. (c) The petition on its face shows that the alleged payment of said sum of $156.36 was voluntary on the part of appellant. (d) The petition shows on its face that it was not a mistake of fact, but a mistake of law. (2) A demurrer does not admit any fact which is not well pleaded or which is a conclusion of law. "A public law can not be confessed away by demurrer." Demurrer only admits such facts as are material and are properly pleaded. Warder v. Evans, 2 Mo. 205; McKenzie v. Mathews, 59 Mo. 103; State ex rel. v. Aloe, 152 Mo. 476; Dannon v. Coleman, 8 Mo. App. 595. (3) Since the question of the manner of

computing the interest depends upon the legal construction of the terms and conditions of the bond, which also involves the construction of section 7110, R. S. 1879, being the statute under which the bond was drawn, it is clearly a mistake of law and not a mistake of fact. If, in fact, the payment was a mistake of law, which we surely think it was, if mistake at all, the plaintiff is not entitled to recover. Hendrix v. Wright, 50 Mo. 311; St. Louis v. Priest, 78 Mo. 612; Norton v. Highleyman, 88 Mo. 621. (4) If the payment of interest made by the appellant was voluntarily made, he can not recover it. Bennet v. Bates, 94 N. Y. 354; New York v. Railroad, 12 N. Y. 307; Flower v. Lance, 59 N. Y. 603; Gould v. McFall, 118 Pa. 455. It has been held in this State that a county court can not reduce the rate of interest on a school bond. Veal v. Chariton Co., 15 Mo. 412; Montgomery Co. v. Auchley, 103 Mo. 492. (5) Where one pays interest upon interest he can not recover it by legal procedure. Ritter v. Phillips, 53 N. Y. 586; Sims v. Squires, 80 Ind. 42. (6) The right to compound interest was a disputed question of law. (7) Appellant contends that the bond in question is not a compound-interest obligation. We say it is. Whether it is or not depends upon the construction to be given the bond, and the construction of the bond involves a construction of the statute under which it is drawn. Montgomery Co. v. Auchley, supra; Koehring v. Muemminghoff, 61 Mo. 406; R. S. 1879, sec. 7110.

ROBINSON, J.—This is an action to recover $156.36 alleged to have been erroneously and mistakably paid by plaintiff to defendant in paying off a certain school fund bond. On January 3, 1887, plaintiff borrowed from the school fund of Carroll county the sum of $2,000 and the bond in question was given therefor.

Interest was paid to February 1, 1890, and on February 7, 1894, there was paid on account of interest the further sum of $160. Afterwards default occurred in the payment of in-

terest. This controversy arises over the mistake of the county clerk in computing the amount due on the bond. Omitting caption, the petition is as follows:

"Plaintiff for his cause of action states, that on the third day of January, 1887, he borrowed from the defendant county the sum of two thousand dollars, and executed therefor his bond, which is in words and figures, as follows, to-wit:

" 'Twelve months after date, we promise to pay to Carroll county, to the use of the county school fund of said county, the sum of two thousand dollars, for value received, with interest at the rate of eight per cent per annum from date till paid, and payable on the first day of February in each year, unless otherwise ordered by the Carroll County Court. And it is agreed, that in case of default in the payment of the interest, or failure of the principal in this bond to give additional security when thereto lawfully required, both the principal sum and interest shall become due and payable forthwith, and that all interest not punctually paid, shall bear interest at the same rate as the principal. Witness our hands and seals this third day of January, A. D. 1887,' etc.

"Plaintiff further says that at the same time and on the same date, and as security for said bond, he executed a 'county mortgage' on lands belonging to him in Carroll county, Missouri, described as follows, to-wit, the north half of the south half of section thirteen, township fifty-five, range twenty-three; said mortgage being recorded in book 29, at page 434, of the records in the office of the recorder of deeds, in Carroll county, Missouri; said bond and mortgage being hereto attached and marked exhibits 'A' and 'B' respectively; that said bond and mortgage fully set forth and express all of the conditions and terms upon which said sum of $2,000 was borrowed; that the indorsements on the back of said bond are as follows, to-wit: 'Feb. 8, 1888, by interest on within to amt., $160.00;' 'March 4, '89, by interest on within to Feb'y 1, 1889, $175.00;' 'Nov. 6, 1890, by interest on within to Feb'y 1, 1890; $170.00;'

'Feb'y 7, 1894, by interest on within to amount, $160.00;' and that said indorsements correctly represent the dates and amounts of all payments made by plaintiff on said bond, up to October 6, 1897; that on said date, October 6, 1897, plaintiff, intending to pay off and discharge said bond, in full, paid to defendant thereon, the sum of $3,398.14; that said sum so paid, was by the clerk of the county court of said defendant county, computed to be the amount due on said bond, at said date of payment, and that plaintiff relying on said computation, and believing it to be correct, and without himself making any computation, paid said sum of $3,398.14; that said computation was erroneous and not correct; that there was not due on said bond, at that time, $3,398.14; that said sum was paid to defendant by mistake and under the mistaken belief that said sum was still due on said bond, and that it was necessary for plaintiff to make said payment in order to release his land, above described, from the lien of said county mortgage.

"Plaintiff states that the error of said computation, made by said clerk, consisted in charging compound interest, and not simple interest, on the interest that became and was due on the principal sum of said bond; that the amount of compound interest, so computed, on the interest due on said bond, was $156.36 in excess of simple interest thereon; and that in accepting said computation of said clerk, this plaintiff was ignorant of the fact of said error of said clerk.

"Plaintiff further states that said sum of $3,398.14 so paid by him as aforesaid, was $156.36 in excess of the actual amount due on said bond, on the said date of payment, and that on April 6, 1898, he made demand in writing, of defendant, for the return of said $156.36; that defendant refused and still refuses to return the same, and now wrongfully retains and withholds said sum of $156.36 from plaintiff.

"Wherefore plaintiff prays judgment against said defendant for the recovery of $156.36, with eight per cent interest

thereon from the sixth day of April, 1898, together with his costs herein expended."

To this petition defendant demurred on the ground that the facts stated are not sufficient to constitute a cause of action. The circuit court held the petition insufficient, and plaintiff declining to plead further, final judgment was rendered for defendant on the demurrer, and plaintiff brings the case here on appeal.

Does the petition state a cause of action? It is claimed, first, by respondent to be fatally defective "because it does not allege a mutual mistake of facts, and because it does not allege that the calculation of interest on the bond in question by the county clerk was the result of a mistake."

This is a clear misapprehension of the petition. The basis of recovery assumed in the petition, is the mistake of the county clerk in charging or calculating compound interest when simple interest only was contemplated by the bond. Looking, then, at the allegations of the petition, it is clear that a mistake committed by the clerk in calculating the interest is averred. The petition in effect charges that the plaintiff went to the clerk and stated that he had come to pay the amount due on his bond, trusting to the latter to calculate the interest and compute the amount due thereon, and this the clerk undertook to do, but made a mistake in calculating the interest and thereupon the plaintiff paid the same in the belief of the correctness of such computation, without attempting to verify the same. This is such a mistake as a court will give its aid to correct, and with respect to which the plaintiff has a clear right of restitution.

The plaintiff, according to the allegations of the petition, having overpaid the defendant $156.36 more than he was bound by the contract to pay, by reason of a mistake in the calculation of the interest by the county clerk, in whom the plaintiff had placed full reliance, is we think entitled to the amount

of such overpayment.    [Boone v. Miller's Executors, 16 Mo. 457; Wilson v. Boughton, 50 Mo. 17.]

Respondent's next contention is that the petition is defective because it does not allege "that the county clerk purposely or by false or fraudulent misrepresentations misled plaintiff, and that on account of such representations plaintiff was induced to make the alleged payments." There is nothing in this point, for the reason that plaintiff's right of recovery is predicated solely on the mistake of the clerk in the calculation and computation of interest. There is no pretense that an actual fraud was purposely perpetrated on the plaintiff, nor is such an allegation necessary to entitle him to recover the overpayment made.

It is further insisted by respondent that "the petition shows on its face that the payment made was not the result of a mistake of fact, but a mistake of law." While there is no doubt of the general proposition urged by respondent, that where a payment like the one made by plaintiff under a mistake of law pure and simple, when all the facts are known and understood, the law furnishes him no relief, it is equally clear that where parties act under a mistake as to the fact and one party gets an advantage by reason of such mistake, relief will be granted. This court can not assume that the payment made by plaintiff in this case arose from an erroneous construction of the bond by plaintiff, because the amount paid by him shows a calculation and computation on such a construction of the bond. According to the allegations of the petition the payment made in excess of the amount of the bond with simple interest, was the result of a mistake of fact, caused by the improper computation of interest made not by the plaintiff but by one on whom he relied to make the computation properly, and there ought to be no doubt as to his right of relief from the consequences of such a mistake; otherwise from a simple mistake of fact, that plaintiff was led into by giving his confidence

to the clerk of the county court, the defendant county would obtain an unjust advantage over the plaintiff.

The only remaining point requiring consideration, then, is whether the bond in question is a compound or a simple interest-bearing obligation.

It is conceded the statute as it stood at the time of the execution of the bond did not require the interest to be paid annually, leaving that matter entirely to the agreement of the parties. The bond in this case, however, provides that the interest shall be paid annually. The first clause of the bond simply provides for the payment of the principal sum twelve months after date thereof with eight per cent interest thereon from date. By the second paragraph, it is provided "that all interest not punctually paid, shall bear interest at the same rate as the principal." Clearly this clause refers to interest earned by the principal, and does not include interest on interest. The term "all interest" as used in the bond was evidently intended to apply to the defaulted interest on the principal sum. The plain, unequivocal language of the bond provides that all interest not punctually paid shall bear the same rate as the principal, viz., eight per cent. But this does not authorize the compounding of interest on interest. While the plaintiff's obligation to pay interest rendered him liable for eight per cent simple interest on the defaulted interest, yet it does not mean compounding interest on such interest. [16 Am. and Eng. Ency. of Law, page 1074.]

There is no provision in the bond that the interest when due, and not paid, became a part of the principal, and thereafter bore the same interest, as would seem to be necessary where interest is sought to be compounded.

Compound interest having been computed by the county clerk on the bond, as the amount paid clearly indicates, and upon such computation, in ignorance of such error, and acting under the mistaken belief that the interest had been correctly calculated, the plaintiff having so overpaid the bond is entitled

to recover the excess.    It follows that the circuit court erred in sustaining the demurrer.    The judgment will therefore be reversed and the cause remanded.    *Brace, P. J., Marshall* and *Valliant, JJ.,* concur.