ROBERT L. BONE, Respondent, v. MARY E. FRIDAY, Appellant.

Springfield Court of Appeals, June 13, 1914.

1. WITNESSES: Principal and Agent: Death of Agent. Plaintiff purchased a stock of goods and some lands from the defendant through her husband acting as her agent. The trial court admitted the testimony of the plaintiff as to transactions had with the husband who died before the trial, and upon this plaintiff based his right of recovery. *Held,* that the admission was reversible error.

2. PAYMENT: Mutual Mistake in: Recovery. Plaintiff purchased a stock of goods and some land from the defendant, through defendant's husband acting as her agent. A mistake in favor of the defendant to the amount of $565.75 was made in the inventory. No claim was made that the husband intentionally received the overpayment or that he did so fraudulently. It is considered a mutual mistake and the plaintiff is entitled to recover same.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

180 App. 37

REVERSED AND REMANDED.

*David W. Hill* for appellant.

(1) It was admitted that William H. Friday was dead, and as he was a party to the contract made by the plaintiff Robert L. Bone, the witness Robert L. Bone was incompetent to testify, and the objection to his testifying on that ground should have been sustained, and excluding his testimony, there was no evidence upon which to base plaintiff's instruction, and the demurrers at the close of plaintiff's case and at the close of the whole case should have been sustained. Section 6354, R. S. 1909; Taylor v. George, 161, S. R. 1187; Howlmann v. Lange, 143 Mo. 106; Williams v. Edwards, 94 Mo. 447; Leach v. McFadden, 110 Mo. 584; Banking House of Wilcoxson & Co. v. Rood, 132 Mo. 256. (2) The invoice of the stock of merchandise was made up by the plaintiff and his brother, Bone. There is no proof that the defendant or the deceased made any mistake whatever, and if there was any mistake or over-payment made, it resulted from the mistakes and negligence of the plaintiff alone, and is therefore unilateral and not mutual, and for such a mistake, plaintiff cannot recover in this case because there is no fraud charged and none proven against the defendant or the deceased. Miller v. Fire Brick Co., 139 Mo. App. 25.

*Sheppard & Green* for respondent.

(1) The respondent herein, Robert L. Bone, was a competent witness to testify in this case, and was competent to testify to the contract between him and appellant's agent, William H. Friday. Section 6354, R. S. 1909; Clark v. Thias, 173 Mo. 628; Jackson v. Smith, 39 Mo. App. 691; Lehay v. Simpson's Admr., 60 Mo. App. 83; Baer v. Pfaff, 44 Mo. App. 35; Leeper v. McGuire, 57 Mo. 360; Stanton v. Ryan, 41 Mo. 510;

Snyder v. Patrick, 162 S. W. 312; Jones on Evidence, p. 991; 40 Cyc., p. 2299; Kansas Mfg. Co. v. Wagoner, 25 Neb. 440; Roberts v. Railroad, 109 N. C. 671; Hildebrant v. Crawford, 65 N. Y. 109; Thayer's Cases on Evidence, pp. 1085, 1087 & 1088. (2) Where money is paid on a mistake of fact, it may be recovered in an action for money had and received. Rogers v. Rehard, 122 Mo. App. 44; Norton v. Bohart, 105 Mo. 615. (3) Conceding for the sake of argument, that respondent was an incompetent witness, the proper objections and exceptions were not made at the time of the witness giving his testimony. A mere general objection to testimony as a whole does not avail when part of the testimony is admissible. Jones on Evidence, 1147; Grimm v. Dundee L. & I. Co., 55 Mo. App. 457; Stephan v. Metzger, 95 Mo. App. 623-4, and cases cited; 1 Thompson on Trials (2 Ed.), 636, and cases cited.

ROBERTSON, P. J.—Plaintiff sued to recover a sum of money paid under mistake and prevailed in the circuit court. The defendant has appealed.

Plaintiff purchased a stock of goods and some land as he claims from the defendant through her husband acting as the defendant's agent. Plaintiff alleges in his petition that the amount he was to pay for the stock of merchandise was to be the wholesale price less ten per cent discount, except for the groceries therein; that an invoice was taken of the stock and entered upon a book, with figures set opposite each item therein contained indicating the invoice price, but that in adding these figures a mutual mistake was made of $565.75 in favor of the defendant; that the erroneous amount, including said excess, was paid to the defendant by the plaintiff as and for the purchase price of the said stock of goods and the land under the belief and impression upon the part of each of them that it was the correct amount.

Prior to the trial of the case the defendant's husband died and the plaintiff was permitted to testify, over the objection of the defendant, as to conversations and transactions had with the defendant's deceased husband upon which plaintiff bases his right of recovery. To sustain this contention on the part of the appellant, Taylor v. George, 161 S. W. 1187, decided by this court, is cited. The respondent assails our opinion in that case as not supported by the decisions of the Supreme Court and criticizes it on account of the citation of Griffin v. Nichols, 224 Mo. 275, 328, 123 S. W. 1063, the local citation of which occurs in the dissenting opinion. The respondent contends that the majority opinion therein holds to the contrary, but such we think is not the case. The exact holding of the dissenting opinion is not touched upon in the majority opinion and, therefore, when we adopted the statement contained in the dissenting opinion as the theory sustained by other decisions of the Supreme Court and of the appellate courts of this State, we were not in conflict with the majority opinion in that case.

The respondent also asserts that Curd v. Brown, 148 Mo. 82, 49 S. W. 990, cited in the *Taylor case,* has been overruled by the opinion in the case of Weiermueller v. Scullin, 203 Mo. 466, 472, 101 S. W. 1088. In this assertion respondent is partly correct but the *Curd case* was not overruled as to the point involved in the *Taylor case.* Those cases turned upon the right of the witness to testify as to the facts occurring subsequent to the contract or transaction involved as the basis of the litigation and subsequent to the death of the party.

In addition to what is said in the *Taylor case,* by this court, relative to the opinion of the Supreme Court in Clark v. Thias, 173 Mo. 628, 73 S. W. 616, it may be stated that the latter case involved the right of the *agent* to testify when his *principal* was dead and it is said, after citing without criticism Robertson v.

Reed, 38 Mo. App. 32, (a case like the one at bar) and referring to it and others, that "those cases are unlike this." Considerable, if not all, of the apparent conflict in the authorities in this State may be removed if we but keep in mind that "The reason of the law is the life of the law." The proviso of section 6354, Revised Statutes of 1909, has been, in pursuance of its spirit, construed to extend to and silence one party to a suit when the agent, the *alter ego,* the party through whom the action arose, is dead and thus carry out the object of the proviso "to silence by law one of the parties to a litigated obligation where death or insanity has silenced the other." [Weiermueller v. Scullin, 203 Mo. 466, 472, 101 S. W. 1088.] In such cases as Clark v. Thias, supra, where the agent, upon whose transactions the suit is based, is not dead although his principal, a party to the suit, is dead the reason for disqualifying the agent is absent and he is not rendered incompetent either at common law or by the express terms of the statute. Carried to its last analysis, this reasoning, in cases where the transactions on which the suit is based were had with an agent of a deceased party to the litigation, might render the other party to the case competent as a witness, regardless of the statute because it would be unjust to apply its strict letter when the reason therefor under these facts is absent. In brief, within the purpose of the law, under the facts thus existing, neither of the parties should, so far as the ability to make proof is concerned, be said to be dead. This is somewhat extending the rule announced in the Taylor case, from which we do not recede, but it is only an exemplification and extension of it for the purpose of further exemplifying its reasonableness.

It is stated in appellant's brief, that "The invoice of the stock of merchandise was made by the plaintiff and his brother, (J. P.) Bone. The extensions, additions and multiplications were made by the plain-

tiff himself and his brother, and there is no proof anywhere in the record that the defendant or the deceased made any mistake and if there was any mistake made and any overpayment made, which is very doubtful, according to plaintiff's own testimony, it resulted from the mistakes and negligence of the plaintiff alone and is therefore unilateral and not mutual, and for such a mistake plaintiff cannot recover in this case because there is no fraud charged and none proven against the defendant or the deceased." [Citing Miller v. Fire Brick Co., 139 Mo. App. 25, 119 S. W. 976.] In that case the facts were that the party who received the payment thought he had a right and intended to collect the full amount which was paid him by the party who afterwards claimed to have mistakenly paid more than he owed. "Plaintiff received the payment, understanding that such was the amount due him" (p. 33). In the case at bar the petition alleges and the testimony, other than plaintiff's, tends to prove that the only agreement on behalf of the defendant's deceased husband was that the plaintiff was to pay only the invoice price and as that invoice price was erroneously ascertained and paid, it would follow as a result that the defendant's husband did mistakenly receive it. He did not intentionally receive it under those facts; we cannot presume that he fraudulently received it; and, therefore, the only other conclusion justified is that he mistakenly received it. "If the money is paid under the impression of the truth of a fact which is untrue, it may, generally speaking, be recovered back, however careless the party paying it had been in omitting due diligence to inquire into the facts." [Koontz v. Bank, 51 Mo. 275, 278. See also Williams v. Carroll County, 167 Mo. 9, 66 S. W. 955; Norton v. Bohart, 105 Mo. 615, 16 S. W. 598; and Jones v. Bank, 144 Mo. App. 428, 432, 128 S. W. 829.] If the plaintiff paid in excess of the purchase price for the property and defendant received such excess as to

the correct amount, equity and good conscience demand that she return it as it is not her money but the plaintiff's and she would not have demanded nor received it had she known the facts at the time it was paid, and she should not now be resisting its repayment upon the facts found by the trial court.

The appellant also insists that her deceased husband was the owner of the merchandise and the land sold, or at least that there was testimony tending to prove that he owned an interest in some of it, but this question was submitted and found against the appellant on a declaration of law asked and given in her behalf and as there was substantial testimony on which to base the finding we cannot reverse the judgment on that ground.

On account of the error of the trial court in admitting the testimony of the plaintiff as to transactions had with the defendant's deceased husband, upon which he bases his right of recovery here, the judgment of the trial court is reversed and the cause remanded. *Sturgis* and *Farrington, JJ.,* concur.