O. R. MASON, Appellant, v. COMMERCE TRUST COMPANY, Respondent.

**Kansas City Court of Appeals, February 7, 1916.**

1. AGENCY: Money Paid under Mistake. Defendant bank, acting as a collecting agent for another bank, collected from plaintiff the amount due on two interest coupons, the latter supposing they were a part of a deed of trust on land he had bought subject thereto. It turned out afterwards that the coupons were not the ones plaintiff was interested in paying, but at the time they were paid, the bank had no means of knowing they were not, though the plaintiff did. Before the mistake was discovered the defendant bank had remitted the collection in good faith and without notice. In a suit to recover the money paid by mistake the plaintiff obtained judgment: *Held* that the court properly granted a new trial.

2. ————: ————: Mistake of One Party. If, in the circumstances stated, the mistake had been mutual, then the fact that the defendant bank had, in good faith and without malice, paid over the money to its principal, would constitute no defense to a suit by plaintiff to recover it and this would be true regardless of plaintiff's lack of care in failing to see that they were not the coupons he desired to pay. But the mistake of one party to a contract will not entitle him to relief, in an action at law, unless it appears that his mistake was induced by the fraud, or misconduct amounting to fraud, on the part of the one who did not make the mistake.

3. ————: ————: ————: Mistake of Principal not Imparted to Agent where Agency is Known to Opposite Party. If the mistake of defendant's principal is to be imputed to defendant so as to make the mistake mutual it can only do so in the event that the fact of agency was not disclosed to the plaintiff, but since there was evidence in the case tending to show that the defendant bank was known to be acting as agent, the appellate court cannot say the trial court was wrong in granting a new trial.

Appeal from Jackson Circuit Court.—*Hon. Clyde Wilcox, Judge.*

AFFIRMED.

*James Fairweather* and *Amos A. Knoop* for appellant.

*B. C. Howard* and *Lynn Webb* for respondent.

TRIMBLE, J.—This is an action, originating in a justice court, to recover money paid under mistake. The jury found for plaintiff and the court sustained defendant's motion for new trial. The abstract of the record merely recites that the motion for new trial was sustained and does not copy the order made. As the abstract contains no reason for the granting of a new trial, we presume the court omitted to give any reason or reasons therefor. However, if the motion for new trial contains any sufficient reason or reasons shown by the record for the granting of a new trial, the appellate court will affirm the ruling. [Benjamin v. Metropolitan Street Railway Company, 245 Mo. 598, l. c. 610; State ex rel. v. Thomas, 245 Mo. 65.]

The money sought to be recovered was the amount of two semi-annual interest coupons of $43.75 each, which plaintiff paid to defendant thinking they were the interest coupons belonging to debts secured by two incumbrances on two lots respectively, which he had bought subject thereto. It afterwards turned out that the coupons he paid were not on his property but on the property of another.

The coupons which were on plaintiff's property, and which he was intending to pay, were for $43.75, the same amount as the others, but were *both* signed by Ethel Spence and *both* made payable to the Commerce Trust Company, or bearer. Of the two he paid, however, one was signed by Ethel Spence and the other by Bernard J. Smith. One was payable to the Commerce Trust Company, or bearer, and was endorsed by the First State Bank of Kansas City, Kan-

sas. The other was payable to bearer at the Security State Bank of Rosedale, Kansas.

Some time prior to the payment of the coupons, the defendant received them for collection from the First State Bank of Kansas City, Kansas, with a pencil memorandum thereon to "Notify O. R. Mason, 129 Olive." Defendant immediately turned them over to its "City Collection Department." This department, pursuant to the direction contained in the memorandum on the coupons, proceeded to "notify O. R. Mason, 129 Olive" by sending written notices to plaintiff, which on their face showed they came from defendant's "City Collection Department," that the coupon would be due November 1, 1912.

Plaintiff presented the two notices at the "City Collection" window of defendant's banking house and paid and received the two coupons. Afterwards, upon receiving notice from Mr. Sherard, the holder of the right coupons, to pay them, plaintiff discovered his error in paying the other two and went to defendant about it. Defendant, however, had by this time accounted to the Kansas bank and so informed plaintiff. The latter then went to the Kansas bank and seems to have obtained a promise from one, Simpson, who seems to have owned the two coupons which plaintiff unintentionally paid, that he would refund the money, but, as he failed to do so, plaintiff brought this suit against defendant to recover it.

There is no question but that the defendant bank was not the owner of the coupons but was merely an agent in collecting them and that it has paid the money collected over to the Kansas bank, and did so in good faith before it had any notice of there being any mistake. This, however, would make no difference if the mistake were *mutual*, that is, if the defendant bank had made a mistake as well as the plaintiff; and this would be true regardless of plaintiff's lack of care or prudence in failing to see that they were not

the coupons he was required to pay. [Koontz v. Central National Bank, 51 Mo. 275.] But, so far as anything. the defendant bank *itself* did, it made no mistake, since it merely obeyed directions in notifying plaintiff and had no means of ascertaining that the coupons were not the ones plaintiff was obligated to pay. The mistake of *one* party to a contract will not entitle him to relief, in an action at law, unless it appears that his mistake was induced by the fraud, or misconduct amounting to fraud, on the part of the one who did not make the mistake. [Miller v. Missouri Fire Brick Co., 139 Mo. App. 25, l. c. 34; Norton v. Bohart, 105 Mo. 615, l. c. 630; McCormack v. Lynch, 69 Mo. App. 524; Ben v. Pritchett, 163 Mo. 560.] There is no claim that the defendant bank used fraud or persuasion to induce plaintiff to pay said coupons. In fact, such is expressly disclaimed.

But plaintiff says the Kansas bank, or whoever owned the two coupons which plaintiff erroneously paid, made a mistake in placing thereon the direction to "Notify O. R. Mason" and that such mistake became the mistake of the defendant bank because it did not disclose to plaintiff, when the coupons were paid, the fact that it was acting as an agent. The record discloses that the defendant bank did not tell plaintiff who was the particular owner of the coupons; but whether or not the plaintiff knew, or had knowledge of facts sufficient to cause him to know, that the defendant bank was acting as agent and was not the owner of the coupons, does not seem to have been made an issue in the case, though there is sufficient evidence in the case to make that a jury question, if that issue is material and controls the rights of the parties. Hence, even if it be conceded that the failure of the bank to disclose to plaintiff that it was an agent and not a principal will prevent the bank from escaping on the ground that it in good faith accounted to its principal before notice of any mistake, still we could

not say that the evidence *conclusively* shows that the defendant dealt with plaintiff as if it were a principal and owned the coupons itself, and, therefore, we cannot grant appellant's prayer to reverse the trial court's action and direct a reinstatement of the verdict and a judgment thereon.

But the principle here contended for by plaintiff does not seem to us to be applicable to the facts of this case. The cases cited by plaintiff on this point are either where the agent contracted in his own name and thereby induced the other party to act, or where there was some conduct on the part of the agent whereby he was estopped to claim that he was anything other than he appeared to be, namely a principal. The mistake of fact which will enable one party to recover money paid thereunder must be a mutual mistake of fact, *as to which both are equally bound to inquire.* [Canal Bank v. Bank of Albany, 1 Hill (N. Y.) 287.] If it is not one concerning which both are equally bound to inquire, how can it be said to be a mutual mistake? Of course, there may be cases where this might be, but how can there be a mutual mistake under the circumstances of this case? The defendant bank had no means of knowing or of ascertaining that these were not the coupons the plaintiff was to pay. The coupons were genuine, but were not the particular coupons plaintiff was interested in, and there was nothing about them to disclose to *defendant* that such was the case. It is not like where a bank collects paper upon which there is a forged endorsement of the name of the payee, for the very presentation of the paper for payment is a representation that these signatures are genuine, and the genuineness of the signature is a matter about which both parties should inquire.

But, even if the mistake herein were mutual, yet if the fact that defendant was acting as agent was

known to plaintiff, and defendant had, in good faith prior to any knowledge of plaintiff's mistake, accounted to its principal, it is relieved of liabilty. In Koonts v. Central National Bank, 51 Mo. 275, l. c. 277, it is said:

"The general rule undoubtedly is, that if a party, who pays money to an agent for the use of his principal, becomes entitled to recall it, he may, upon notice to the agent, recall it, provided the agent has not paid it over to his principal, and also provided no change has taken place in the situation of the agent since the payment to him, before such notice. Therefore, if the money has been paid over to the principal before notice of recall, the agent will not be liable, unless indeed, the receipt of the money by the agent was obviously fraudulent and illegal, or his authority to receive it was known to himself to be void."

(The reason this case is not in point for plaintiff is that the draft sent to the defendant in that case was drawn upon *one* person, but, through mistake of the defendant bank, was presented to *another,* who paid it by mistake. Thus there was a mistake on the part of both, or, in other words, a mutual mistake.)

The judgment of the trial court awarding a new trial is affirmed. The other judges concur.