THEODORE R. THOMPSON, Respondent, v. NA-
TIONAL BANK OF COMMERCE et al., Appel-
lants.

Kansas City Court of Appeals, May 25, 1908.

1. ACTION: Answer: Equity: Law. Where the petition declares
on an action at law the fact that the answer sets up an equi-
table defense does not convert the action into a suit in equity,
unless equitable relief is asked and is necessary to sustain the
defendant's rights.

2. ———: Check: Answer: Equity: Cancellation. In an action on
a check on which payment had been stopped the answer set up
mistake in the issuing thereof and prayed for equitable relief
and the check's cancellation. *Held*, the action was one at law,
since the cancellation of the check was not necessary to the
protection of the defendant's rights, being already stamped
"cancelled."

3. ———: ———: Mistake: Diligence. Where one by mistake be-
lieving himself indebted when he is not, issues his check to
another, he can lawfully stop the payment thereof, and the
question of diligence has no application.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park*, Judge.

REVERSED AND REMANDED.

*Johnson & Lucas* for appellants.

(1) The motion of defendants to have the cause
placed on the court docket, and tried as an equity cause
should have been sustained. The answer admitted
the execution and delivery of the check, the stoppage
of payment thereof, plead mistake, and asked affirma-
tive equitable relief. Hodges v. Black, 8 Mo. App.
393; Wendover v. Baker, 121 Mo. 289; Lewis v. Rhodes,
150 Mo. 501; Martin v. Turnbaugh, 153 Mo. 184; Trust
Co. v. Nathan, 175 Mo. 42; Shaffer v. Detie, 191 Mo.

388. (2) The third instruction given for plaintiff, and the instruction designated "A," given by the court, of its own motion, were erroneous, because each submitted to the jury an issue not made by the pleadings or the evidence. Taylor v. Railroad, 28 Mo. App. 555; Enright v. Ford, 106 Mo. App. 708; Bank v. Murdock, 62 Mo. 73; Wolfe v. Supreme Lodge, 160 Mo. 686; Pandjiris v. Hartman, 196 Mo. 548. (3) Negligence could not be invoked in a case of this kind even if pleaded. Dobson v. Winner, 26 Mo. App. 335; Boland v. Brewing Assn., 157 Mo. 593, 603.

*Sebree, Conrad & Wendorff* for respondent.

(1) The court did not err in overruling defendants' motion to have this case placed on the court docket and tried as an equity case. Schaffer v. Detie, 191 Mo. 388; R. S. 1899, sec. 605. (2) The third instruction given for plaintiff and instruction designated "A" being the modified instruction, were properly given under the pleadings. 14 Ency. of Pl. and Pr., p. 42; Meier v. Kelly, 20 Ore. 86; Hyland v. Hyland, 19 Ore. 51; Brown v. Fagan, 71 Mo. 568; Cannon v. Sanford, 20 Mo. 590; 20 Am. Enc. of Law (2 Ed.), p. 831, and cases there cited; Benn v. Pritchett, 163 Mo. 561; Mathews v. Kansas City, 80 Mo. 231; Cassidy v. Metcalf, 66 Mo. 531; Henderson v. Beasley, 137 Mo. 199; Sternberg v. Insurance Co., 49 Mo. App. 255; Bartlett v. Brown, 121 Mo. 353; Adkins v. Tomlinson, 121 Mo. 487; Koontz v. Bank, 51 Mo. 275. (3) Appellants are not entitled to the equitable defense, claim for which is set up in their answer.

ELLISON, J.—This action was instituted to recover of the defendant bank the amount of a check given to plaintiff by defendants Houston, Fible & Co. Houston, Fible & Co. were not made parties by the plaintiff; after action was instituted they came into court by mo-

tion and on their showing they were made defendants by the court. They then filed an answer. They then asked that the case be transferred to the equity docket and that it be heard as an equity case. These requests were refused by the court. A trial was then had before a jury, when a verdict was returned for the plaintiff, upon which judgment was entered.

The answer set up that defendants were a brokerage company who sold stocks, etc., on commission. That plaintiff employed them to sell for him thirty shares of stock in the American Ice Company, and delivered the stock to them for that purpose with his blank endorsement. That they attempted to sell the stock in New York through their correspondent there and supposed they had done so at the price of $34.25 per share. But by mistake their agent in New York sold other stock of similar name but worth five times as much as plaintiff's. That before the mistake was discovered they settled with plaintiff on the basis of a sale of his stock at that enhanced price, deducting their commission of one-eighth of one per cent and sixty cents tax under the law of New York for such sales. That they thereupon drew the check now in suit for the balance, and, at defendants' request, had it certified by the bank. That within a few hours the mistake was discovered, when they ordered the bank not to pay and immediately notified plaintiff of the mistake and tendered him back his stock and to pay him any expense, if any, he may have had on account of the mistake. The answer further alleges plaintiff to be insolvent and asks that in order to avoid multiplicity of suits and that justice might be done, that the check, so certified as aforesaid, be cancelled, and for other proper relief.

While plaintiff's action, as stated in his petition, was one at law, yet it is insisted that the answer of defendants Houston, Fible & Co. converted the case into

one in equity, and that it should have been heard without a jury.    But an answer setting up a defense in equity will not convert a law case into one in equity, so as to require a trial by a chancellor unless affirmative relief is asked and is necessary to sustaining or ascertaining defendant's rights.    [Plow Co. v. Hartman, 84 Mo. 610; Wolff v. Schaeffer, 4 Mo. App. 367.] This rule is recognized in Lincoln Trust Co. v. Nathan, 175 Mo. 32, 42, and Shaffer v. Detie, 191 Mo. 377, 388.

And while in this case affirmative relief is asked by the prayer that the check be cancelled, yet such relief is not necessary to the protection of defendants. The check was certified and was payable on demand, but it had written upon its face that payment had been stopped.    It therefore could not get into the hands of an innocent holder, and its cancellation would in no way aid or relieve defendants.    Their defense, whether properly called equitable or legal, is complete without a cancellation.    Asking for affirmative relief in matters not necessary to a defense, or for a defendant's protection, is a mere empty prayer which should not deprive a plaintiff, with a cause of action at law, from a trial by jury.

The instructions given for plaintiff and refused for defendants made it an issue whether defendants might have avoided the mistake by exercising ordinary prudence and care.    In other words plaintiff was to be permitted to recover money to which, in common honesty, he had no claim, if defendants had been careless in thinking they owed him.    There is only a difference in degree between such a case and if one should refuse to return an over-payment he had received in change, merely for the reason that the person from whom he received it had been careless in his count. The law requiring one to be diligent or careful as a condition to his right to complain of the undue advantage or fraud of another, has no application to a case

of this nature.    [Koontz v. Central Bank, 51 Mo. 275;
Beland v. Brewing Assn., 157 Mo. 593; Lyle v. Shinne-
barger, 17 Mo. App. 66; Dobson v. Winner, 26 Mo. App.
329.]

The principal issue in the case is, did defendants
buy the stock from plaintiff at the price stated, or, did
they receive it to sell for him.    If the former, he should
recover.    If the latter, the decree should be for the
defendants in conformity to their prayer.

The judgment is reversed and the cause is remand-
ed.    All concur.