E. L. JONES, Appellant, v. MINERS & MERCHANTS BANK, Respondent.

Springfield Court of Appeals, May 4, 1910.

1. **BILLS AND NOTES: Right to Recover Money Paid on Forged Note: Holder in Due Course.** Plaintiff paid a note to defendant bank which defendant claimed to have purchased in due course. The note turned out to be a forgery, but this was not discovered until a subsequent demand was made upon plaintiff by another party for payment of the genuine note. In an action against defendant for money had and received, based on the payment of the forged note through mistake, it is held that plaintiff should be held to know his own signature, and that he cannot recover

the money paid on the forged note if defendant was a holder in due course at the time of the payment. *Held, further,* that this rule applies only to negotiable instruments, and also that the question of whether or not defendant was a holder in due course is one of fact for the jury.

2. ———: Mistake: Recovery of Money Paid by Mistake. The general rule is that money paid without consideration and under a mistake of facts may be recovered. The exception to the rule is where payment is made of a forged negotiable instrument by the drawee or supposed maker to a holder in due course.

3. ———: Banks and Banking: Forged Instruments: Rights of Maker and Drawee on Payment. A bank is bound to know the signatures of its depositors and on payment of a forged check to a holder in due course cannot recover it back; on the same principle, the maker of a check or promissory note should be held to know his own signature and if he pays it to a holder in due course, should be in no better position than the drawee in a check.

4. ———: Forged Instruments: Payment by Mistake: Holder in Due Course: Burden of Proof. In a suit to recover money paid by mistake on a forged instrument by the supposed maker, the plaintiff makes a *prima facie* case by showing the forgery and the payment by mistake. The burden is then upon the defendant to show that he was a holder in due course.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*James A. Potter* for appellant; *Edward J. White* of counsel.

(1) It is a well-settled law in this State that money paid under a mutual mistake of fact may be recovered back in an action for money had and received. Davis v. Krum, 12 Mo. App. 279; Lyle v. Shinnebarger, 17 Mo. App. 74; Boon v. Miller's Executors, 16 Mo. 457; Marion County v. Phillips, 45 Mo. 75; Koontz v. Bank, 51 Mo. 275; Dobson v. Winner, 26 Mo. App. 335; McDonald v. Lynch, 59 Mo. 350; Jordan v. Harrison, 46 Mo. App. 172; U. S. v. Barlow, 132 U. S. 27. (2) It

is also well settled that it is immaterial whether the money so paid is paid "without any fault or negligence of plaintiff," or "through his negligence," if it is paid through a mistake of fact. Koontz v. Bank, 51 Mo. 275; Dobson v. Winner, 26 Mo. App. 335; Fraker v. Little, 24 Kan. 598.

*H. H. Bloss* for respondent.

(1) The record in this case shows that plaintiff was guilty of gross negligence in not notifying the defendant bank of the forgery of which he now complains, and seeing before payment whether the note bore his signature; and while it is true that one may under certain conditions recover back money paid on forged paper, he must, in order to do so, be faultless himself and not have contributed to the injury himself, and he must have given sufficient notice to the other party so that he can make himself whole. Third National Bank v. Allen, 59 Mo. 316; Kenneth Inv. Co. v. Bank, 103 Mo. App. 613; Kelchner v. Morris, 75 Mo. App. 588; Collier v. Budd, 7 Mo. 485; McKeen v. Bank, 74 Mo. App. 281; Koontz v. Bank, 51 Mo. 275; Tiedeman on Com. Paper, 677; Bank v. Bank, 10 Wheaton 333; Johnston v. Bank, 27 W. Va. 343; Northwestern Ntl. Bank v. Bank, 107 Mo. 402; Bank v. Bank, 109 Mo. App. 665; 2 Daniel on Neg. Insts., 319; Street v. Bennett, 39 Mo. 277. (2) Plaintiff, having paid the note as maker, cannot recover. U. S. Bank v. Bank, 10 Wheaton 356; Collier v. Budd, 7 Mo. 487; Johnston v. Bank, 27 W. Va. 343.

COX, J.—Action for money had and received, trial by jury, and, at the close of plaintiff's testimony, the court offered to give a peremptory instruction to find for the defendant, and plaintiff took a nonsuit with leave to move to set same aside, filed his motion for that purpose, which was overruled and he has appealed to this court.

The facts disclosed by the record in this case are as follows: In November, 1903, G. A. Paul was in Jonesboro, Arkansas, and sold a span of horses to the plaintiff, E. L. Jones, and received from Jones his promissory note which was in the following form:

"$200.00.               JONESBORO, ARKANSAS,

"November 17, 1903.

"Twelve months after date I promise to pay to the order of G. A. Paul, two hundred 00-100 dollars. For value received negotiable and payable without defalcation or discount and with interest from date at the rate of 10 per cent per annum, and if interest be not paid annually to become as principal, and bear the same rate of interest.                E. L. JONES."

"No. ——— due Nov. 16, 1904."

"This note is endorsed on the back as follows, 'G. A. Paul.' "

"It is also stamped on the face as follows: 'Received payment in sum of one hundred and fifty-nine and 18-100 dollars. Wm. Cooley.' "

About the time that this note became due plaintiff received word from defendant that it held his Paul note for two hundred dollars and plaintiff then had the cashier of the Bank of Jonesboro notify the defendant to send the note there and he would pay it. They sent the note to the Bank of Jonesboro, as requested, which plaintiff paid, but which, it afterwards developed, was a forgery but plaintiff did not discover this until in January after he had paid it. The forged note was in the following form.

"$200.00                          11-18-1903.

"Twelve months after date I promise to pay to the order of G. A. Paul, two hundred dollars for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent per annum, and if interest be not paid annually to become as principal and bear the same rate of interest.                E. L. JONES.

"Jonesboro, Ark.,

"No. ———— Due Nov. 19, 1904."

This note is stamped on the face as follows: "Paid November 30th, 1904, Bank of Jonesboro, Ark."

The note is endorsed on the back as follows: "Waiving protest, demand, notice and notice of nonpayment, for value received, I hereby assign, transfer and endorse the within note to D. B. Loy, Cashier ———— G. A. Paul."

And it is further endorsed as follows: "Without recourse, D. B. Loy, Cashier."

In January, 1905, Mr. McKinley, who owned the genuine note, sent it to an attorney at Jonesboro for collection. He notified the plaintiff. On the 8th or 9th of January, 1905, plaintiff went to his office, taking with him the forged note which he had paid in November, and on a comparison with the note which the attorney held, discovered for the first time that he had paid a forged note. Plaintiff did not notify defendant bank of the fact that the note which he had paid to them was a forgery, and demand a return of the money until April 8, 1905. Paul, the payee in the original note and from whom defendant bank claimed to have purchased the forged note, failed and absconded on January 5, 1905. The defendant refused to return the money upon plaintiff's demand, and this suit followed.

It is clear in this case that the money paid by plaintiff to defendant was paid under the mistaken belief that he was paying a genuine note, and were this forged instrument, in form, not a negotiable note, there could be no question that plaintiff could recover for the general rule is that money paid without consideration and under mistake as to the facts may be recovered. [Lisle v. Shinnebarger, 17 Mo. App. 66; Dodson v. Winner, 26 Mo. App. 335; Thompson v. The Bank, 132 Mo. App. 225, 110 S. W. 681; Koontz v. Central National Bank, 51 Mo. 275; Beland v. Brewing Ass'n, 157 Mo. 593, 58 S. W. 1.]

But when the payment is made upon a supposed negotiable instrument an exception to the general rule prevails. In Price v. Neal, 3 Burrows 1354, decided in 1762, it was held that the drawee of a negotiable instrument was bound to know the signature of the drawer, and if the drawee in a forged bill accepted and paid it upon the mistaken belief that it was a genuine bill, he could not, upon discovery of his mistake, recover the money so paid from one who was a holder in due course of the instrument, even though it were a forgery. This rule, harsh and unjust as it may seem, has been adhered to since that time by many courts of high standing, and we might say that by the great weight of authority it has, until a comparatively modern date, been considered the established rule in all transactions involving commercial paper. Our own Supreme Court has adhered to this rule. [Bank v. Bank, 107 Mo. 402, 17 S. W. 982.]

In all these years no court has ever tried to justify this harsh rule upon any other ground than that of necessity. Its promulgation was based upon the existence of a supposed necessity to protect the holders of commercial paper, but in its application it has often resulted in the protection and encouragement of the forger as well, and the disposition of the courts of recent years has been to restrict rather than to enlarge its application. Many courts of high standing have repudiated it entirely, and while recognizing the necessity of protecting the innocent holder of commercial paper, have not forgotten that the principles of right and justice should characterize transactions involving commercial paper as well as those growing out of the other affairs of life; and as a result a more equitable rule has been promulgated and the tendency of the later decisions is to permit one who has paid money upon forged commercial paper to recover it, if, by doing so, no injury will result to the one required to repay. If,

144 App—28

however, to require a repayment of the money will place the party in a worse position than he would have been if the forgery had been discovered before payment and payment refused, then, by reason of the fact that to require a repayment of the money in such case would result in injury to a party who was a bona fide holder in due course of the forged instrument, the loss must be borne by the party paying the money, and it cannot be recovered. See notes under First National Bank of Lisbon v. Bank of Windmere, 10 L. R. A. N. S. 1 to 74, and the conclusion as therein expressed on pages 73 and 74.

This later rule has in it the element of equity and justice that was entirely wanting in the former, for upon no principle of equity or justice can it be said that if a party, whose name has been forged to an obligation purporting to bind him to pay a sum of money, discovers the forgery and refuses to pay, the money cannot be recovered in a suit at law and at the same time say that if he was deceived by the forgery and paid over the money under mistake and in the honest belief that the signature was his own he cannot recover it back if the man he paid it to was a bona fide holder of the forged paper.

Had the same transaction occurred in relation to any other business matter between the same parties the one receiving the money would be required to repay and look to the man who had deceived him for reimbursement, as in equity and good conscience he ought to do; but when the transaction relates to commercial paper the desire to protect a bona fide holder of such paper has caused the courts to brush aside the salutary rules that govern in other matters and upon the false premise of the existence of a necessity to protect the holders of commercial paper have established a rule that often, in effect, protects the forger who may be expert enough to perform his nefarious work with such nicety as to deceive the ordinary business man. Under this rule the

forger and his accomplices run no risk in the forgery itself. The only risk they incur is the risk of detection before the forged instrument can be gotten into the hands of an innocent holder. This done his work is complete and there is no recourse.

We cannot give our sanction to such a rule and should not hesitate to repudiate it as many other courts have done but for the fact that this rule has come to be the settled law of this State in a way that will control our action until a different rule shall be adopted by a power that is superior to us.

Applying this rule to this case the only question, left is whether or not this rule applies to the maker of a negotiable promissory note. The weight of authority is that it does. [Cooke v. U. S., 91 U. S. 389; Bank of U. S. v. Bank of Georgia, 10 Wheat 333; Johnston v. Commercial Bank, 27 W. Va. 343; 55 Amer. Rep. 315.]

If a bank is bound to know the signature of its depositors and on payment of a forged check to a holder in due course cannot recover it back, then, on principle, the maker of a check or promissory note should be held to know his own signature and if he pays it to a holder in due course should be in no better position than the drawee in a check. Therefore, the plaintiff cannot recover this money if defendant was, at the time the money was paid, a holder in due course of the forged note.

This, however, does not result in the affirmance of this judgment. When payment of the money by mistake and the forgery were shown by plaintiff he made a prima-facie case and the burden of showing that defendant was a holder in due course rested upon defendant. Session Acts, 1905, page 250, sections 54 to 59, and upon this question plaintiff was entitled to take the judgment of a jury. For the failure of the court to set aside the nonsuit the judgment will be reversed and the cause remanded. All concur.