T. A. BERRYMAN, Respondent, v. MARYLAND MOTOR CAR INS. CO., Appellant.

Kansas City Court of Appeals, June 10, 1918.

1. **INSURANCE: Automobiles: Warranty: Temporary Violation: Materiality.** A statute (Secs. 7024, 7025, R. S. 1909) declared that a warranty in a policy of insurance which was not material to the risk, should be considered as merely a representation. A policy insuring an automobile against fire contained a warranty that the machine would not be hired out. It was hired out one or more times, but was not hired on the trip in which it burned. It was *held* that such violation of the warranty did not forfeit the policy and that the provision called a warranty was really not a warranty as applied to the loss and was therefore not material to the risk.

2. ———: **Temporary Violation: Forfeiture: Warranty.** Temporary violation of the provisions of a policy will not forfeit it, if there is no violation at the time of the loss; unless such provision is a warranty.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas*, Judge.

AFFIRMED (*conditionally*).

*Sebree, Conrad & Wendorff* for respondent.

*Ball & Ryland* for appellant.

ELLISON, P. J.—Plaintiff's action is based on a policy of insurance whereby he was insured against loss by the burning of his automobile. He recovered judgment in the circuit court. The case was transferred to this court by the Supreme Court. [197 S. W. 850.]

Defendant's answer set up several defenses, among them was one that plaintiff, when he obtained the policy, fraudulently represented that the machine was made in 1911, when in fact it was made in 1908. That plaintiff warranted that he would not let the machine for hire, and afterwards violated the warranty and that he fraudulently represented to defendant that he had paid $1800 for the car when, in fact, he only paid $850 for it. The prayer to that division of the answer was that upon repayment of the premium collected from plaintiff, "the policy be adjudged null and void and a decree cancelling and annulling the same be entered and for such other and further relief as the court might deem proper."

On account of that defense and that prayer, defendant insists the case was converted into one in equity to be heard on the equity side of the court without a jury. While it is true that an answer setting up an equitable defense to a petitition declaring on a cause of action at law, may convert the case into one in equity, yet such answer must show a case entitling the defendant to affirmative relief necessary to sustaining or ascertaining his rights. [Plow Co. v. Hartman, 84 Mo. 610; Thompson v. Bank, 132 Mo. App. 225; Wolff v. Schaeffer, 4 Mo. App. 367; Lincoln Trust Co. v. Nathan, 175 Mo. 32, 42; Shaffer v. Detie, 191 Mo. 377, 388.]

In this case the policy was taken out the 25th of September, 1911, and expired by its own terms in one year, which was several months before defendant asked that the case be heard by the equity side of the court. There was no possible necessity for cancelling a policy which was dead paper and no longer effective, and could not involve defendant in further liability. Matter like this was discussed by us in Thompson v. Bank, supra.

Defendant cites us to Withers v. Railroad, 226 Mo. 373, but we think it not applicable to the facts of this case, on the contrary it is said in that opinion (page 396) to be recognized doctrine in this State that a case at law will not be converted into equity by answer, "unless affirmative relief is asked and is *necessary to ascertain. or sustain the defendants rights.*" (Italics ours.)

We have already alluded to a warranty contained in the policy that plaintiff would not let the machine for hire without written permission from defendant. It seems that on one or two occasions this provision was violated. But at the time the machine was burned it was not hired. The law is that temporary non-compliance with provisions of the policy, unless such provision is a warranty, will not work a forfeiture, if there was compliance at the time of the loss. [Organ v. Ins. Co., 3 Mo. App. 576; Greenlief v. Ins. Co., 37 Mo. 25; Obermeyer v. Ins. Co., 43 Mo. 573; Kennefick-Hammond Co. v. Ins. Co., 119 Mo. App. 308; s. c., 205 Mo. 295.]

The provision now under review is called a warranty on its face, but if it is not a legal warranty in fact, it ought not to be so considered in law. The statute (Secs. 7024, 7025, R. S. 1909 ) has abolished warrenties and turned them into mere representations, except the matter warranted is material to the risk. Now in view of the legal proposition we have stated, the effect of this warranty was that if the machine was not in hire at the time it was burned there was no forfeiture and a liability was incurred. It follows that the thing warranted against was not material to the risk, thereby becoming, under the statute, a mere representation.

There was evidence in the case tending to prove that the agent who procured the policy waived the warranty, in that during the progress of negotiations for the insurance he said to plaintiff that if he occasionally let the machine for hire no advantage would be taken of it by the company. Question is made as to that agent's authority to thus waive the warranty, and of the propriety of receiving such character of evidence showing what was verbally stated in order to affect the writing subsequently executed, it being a fundamental rule of evidence that all contemporaneous talk is merged in the writing. But we need not consider these objections, since, under the conclusion announced above, the warranty provision, has been made non-effective under the law as applied to the evidence showing the service the car was in when burned.

We regard defendant's point based on the age of the machine as unsubstantial. The evidence shows that that was a matter not definitely known and that the agent examined the machine and became satisfied for himself.

It is provided in section 7068, Revised Statutes 1909, that: "In any action against any insurance company to recover the amount of any loss under a policy of fire, life, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not exceeding ten per cent, on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." It has been ruled that in proper cases it is right to inflict these penalties. [Keller v. Ins. Co., 198 Mo. 461.] But, of course, there must be some substantial evidence upon which to base it. The evidence may be based on reasonable inferences drawn from the facts shown, as in other cases. These penal provisions do not necessarily follow a failure of the company's defense, for that would practically hinder and embarrass the right to defend at all. It must appear that the defense has not been made in good faith, but for the purpose of harrassing or vexing

the claimant. [Blackwell v. Ins. Co., 80 Mo. App. 75; Weston v. Ins. Co., 191 Mo. App. 282; Lafont v. Ins. Co., 193 Mo. App. 543; Rogers v Ins. Co., 157 Mo. App. 671; Patterson v. Ins. Co., 174 Mo. App. 37; Strawbridge v. Ins. Co., 193 Mo. App. 687.]

In this case there is no evidence, direct or circumstantial, that defendant's refusal to pay an subsequent defense was not made from an honest opinion of the legal merit of plaintiff's claim. Indeed some of the questions appearing on the record have given us trouble to determine and we cannot bring ourselves to consent to penalizing defendant for defending against a claim that has barely passed muster.

The judgment will be affirmed if plaintiff within ten days will enter a remittitur of the penalty and attorneys fee; otherwise it will be reversed and the cause remanded. All concur.