MARIE DAVIS, RESPONDENT, v. THE YORKSHIRE INSURANCE CO., LTD., APPELLANT.[*]

Kansas City Court of Appeals. July 6, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 875, n. 69; p. 876, n. 70; Burglary and Theft Insurance, 9CJ, p. 1099, n. 75; Insurance, 33CJ, p. 26, n. 30, 34; Waiver, 40Cyc, p. 252, n. 44.

*C. I. Bennington* and *Bente & Wilson* for respondent.

*Paul Barnett* for appellant.

ARNOLD, J.—This is an action to recover loss under a policy of automobile insurance.

Defendant is a corporation engaged in insuring automobiles in the State of Missouri and elsewhere, against loss by fire and theft. On July 29, 1924, defendant issued its policy whereby, in consideration of a premium of $18.18, and an additional premium of $10.08, it insured plaintiff against loss by fire and theft of her fifty-five horse-power six cylinder Nash coupe, with all fixtures and equipment thereunto belonging, for a term of one year, beginning July 29, 1924, and ending at noon July 29, 1925. The said car was stolen from plaintiff's residence, 507 East 14th street in Kansas City, Mo., March 8, 1925. Plaintiff notified the police department of Kansas City of the theft and also verbally notified defendant insurance company.

The petition alleges the formal matters relative to the issuance of the policy of insurance, the amount thereof, the description of the car; that any loss under the terms of the policy was to be paid to Homer Hall of Sedalia, Mo., as his interest might appear, and that said Hall at that time held a chattel mortgage against said car in the sum of $895 which represented part of the purchase price thereof, of which defendant was freely advised at the time the said policy was issued; alleges that the car was stolen from its parking place near plaintiff's residence; that notice of such loss was given defendant;

that the car had been stolen and the place from which it was stolen, as required by the terms of the policy; states that although plaintiff had fully complied with all the terms of the policy and demanded payment of the sum of $1800 due her thereunder, that defendant has failed and refused to pay plaintiff for said loss, and that said failure and refusal constitute vexatious delay. The prayer asked for judgment in the sum of $1800, six per cent interest from March 8, 1925, the statutory ten per cent for vexatious delay and $400 attorney's fee.

The answer admits the execution of the policy upon the date, for the term and in the amount alleged in the petition, and states there was a rider attached to said policy and made a part thereof, in words and figures as follows:

"Automobile Department.

"Locking Device Endorsement.

"In consideration of a reduction in premium, it is warranted by the assured that the automobile insured under this policy will be continuously equipped with the locking device known as Studebaker transmission (approved by the Underwriters' Laboratories, Inc., and bearing their label). The assured undertakes, during the currency of this policy, to use all diligence and care in maintaining the efficiency of said locking device and in locking the automobile when leaving the same unattended.

"Attached to and forming a part of policy No. A 136718 of the Yorkshire Insurance Company, Ltd., of York, England.

"Issued at .................................... Agency.

"Dated 7-29-24.

"Agent."

The answer states that upon the issuance of said rider it was agreed in consideration of a reduction in the premium paid, that the automobile should be continuously equipped with a locking device approved by the Underwriters' Laboratories, Inc., and bearing their label; that plaintiff would use all diligence and care to maintain the efficiency of said locking device during the life of the policy and in locking the said automobile when leaving the same unattended; that it was mutually agreed that the locking device on said car is one known as Nash transmission, and that the automobile insured should be continuously equipped with said device, during the life of the policy; that in consideration of such agreement, defendant reduced the premium upon said policy and that said agreement was attempted to be reduced to writing in the form of said rider attached to the policy, but by mistake the said locking device was described therein as a Studebaker transmission, which is not fitted to be used on Nash cars; that defendant delivered to plaintiff said policy with the mistake

contained in the rider, which policy containing said misdescription was accepted by plaintiff either by mistake or purposely, fraudulently with knowledge that said description was a mistake and did not express the agreement of the parties, and with intent to obtain a reduction in the premium upon said policy without entering into the warranties and agreement concerning said locking device; that this defendant does not know whether it be one or the other, but believes that plaintiff accepted said policy with said mistake and description therein by mistake; or, it was a mistake of defendant which was knowingly and fraudulently accepted by plaintiff, but believes it was a mutual mistake of the parties. And that by said agreement of the parties and by said policy of insurance, if reformed according to equity and right, the defendant did insure the plaintiff against loss or damage by fire or theft, as stated in her petition. That it was further provided in said policy that in the event of loss or damage, the assured, within sixty days unless such time were extended in writing by defendant, would render a statement to defendant signed and sworn to by the assured, stating the place and time and the cause of the loss or damage, the interest of the assured and of all others in the property, the sound value thereof, and the amount of loss or damage, all encumbrance thereof and all other insurance whether valid or not, covering said property.

That under the terms of said policy the assured would submit to examination under oath by any person named by defendant and subscribe the same; and by its terms the policy also provided that the policy should be void in case of any fraud, attempted fraud or false swearing by the assured touching any matter relating to the insurance, or the subject thereof, whether before or after the loss.

The answer avers that after suit herein had been instituted and after the time for proof of loss had expired, an examination of plaintiff was taken under oath by one Guy Shirley, an officer of the Insurance Adjustment Company, designated therefor by defendant on June 11, 1925; that said examination was in the form of an affidavit, subscribed and sworn to by assured, and stated that she was the owner of the automobile; that it was stolen on March 8, 1925 from the rear of her residence at 507 or 509 East 14th street in Kansas City, Mo.; that she had not used said automobile for several days prior to the date of its theft and that it had been parked at the said place during that time; that the shifting gear lock on said car was out of commission and had not been working for a month or more prior thereto; that defendant does not know whether said affidavit is true or false, but charges that said locking device had, in fact, been out of working order for at least a month prior to the date of the alleged theft; that assured did not use all diligence and care in maintaining the efficiency of the same, but allowed it to remain out

of order to the extent that it could not be used to lock said car for at least a month prior to the alleged theft, in violation of the contract; that plaintiff did not use all diligence in locking said automobile when leaving same unattended, but left same unattended and unlocked in an open space in a large city both day and night in violation of her contract; that plaintiff in making said affidavit was guilty of false swearing touching a matter relating to the insurance and the subject thereof; or that plaintiff allowed said locking device to remain out of order so that it could not be used to lock said car effectively; that defendant believes the facts stated in said affidavit to be true, but that in either event plaintiff is not entitled to recover.

The answer further states that the plaintiff did not, within sixty days after the theft, furnish defendant any proof of loss as required by the policy. The prayer asks that the court ascertain and determine the real intent and agreement of the parties, and that the policy of insurance be reformed to express said intent, and that the court declare that the terms of said policy of insurance so reformed have been violated by plaintiff.

The reply states that the clause relative to the locking device was placed upon said policy by defendant, and that if there was a mistake relative thereto, it was defendant's and not plaintiff's fault: that the car was at all times equipped with a Nash transmission lock which was always maintained in good and effective repair; that the same was locked when the said car was parked and was so locked at the time the car was stolen; that plaintiff has fully complied with the terms of the policy relative to the transmission lock.

Further replying, plaintiff states that within a short time after the said car was stolen, she notified defendant thereof, giving the place from which stolen and the date of the theft; and later, on several occasions, all within the period required for such notice, plaintiff notified defendant in writing that the car had been stolen and demanded settlement under the terms of the policy, and requested defendant to furnish her blank proofs of loss, if same were required. But that defendant failed to furnish same, upon which to make proof of loss and sworn statement relative thereto; and that defendant has waived its rights, if any, to demand proof of loss, or any written statement under the terms of said policy; that plaintiff is not informed as to whether there was any reduction in premium by reason of such locking device being placed on the car, but if there was any such reduction she has fully kept and performed all the terms and conditions of the rider placed on said policy relative to the locking device, and at all times kept same in good working condition, and at all times kept same locked as required thereby.

The reply further avers that on or about June 11, 1925, plaintiff called by request at the office of Guy Shirley, agent of defendant here-

in and an officer of Insurance Adjustment Company, and was there informed by said Shirley that he had sent for her to settle for the loss of her said car; that a paper was laid before her and she was told it was a proof of loss and if she would sign it, she would be paid the sum of $1700 in full settlement; with that understanding she signed some kind of an instrument, but that she did not read it because Shirley informed and assured her that it was a proof of loss and that if she would sign it, defendant would pay her $1700 in full for the loss of the automobile; that the agent did not read the instrument to her and that she signed it because she believed it was the basis of a settlement in full for $1700; that at the time she signed these purported affidavits and questions nothing was read or said to her relative to the transmission lock or device having been out of repair, and that she informed said defendant and its agent that the said lock was in good order and had been so kept at all times; that the same was locked at the time the car was stolen; denies that she had sworn falsely, or made any false representations concerning the insurance, and that if any false statements were made in any papers signed by her, they were made solely by the procurement, fraud and trickery of the defendant.

The reply further denies that the said policy was accepted by plaintiff under any reduced rate, but avers that defendant wrote said policy and delivered it to plaintiff and that if anything therein is not right, it was placed there by defendant without plaintiff's knowledge; and if there is any fraud or false statement or misrepresentation in said policy, they are the acts and violations of the defendant and not of the plaintiff.

The reply also includes a general denial of the allegations of the answer not specifically mentioned in the reply.

Upon the pleadings thus made, the cause was tried as a case in equity, having been made so by the amended answer. The evidence introduced by the contesting parties, each in support of his pleadings, was necessarily conflicting. By and with the consent of the parties, the court called to its aid a jury, to which the following questions of fact were submitted:

"1. Did the plaintiff keep the automobile in question continuously equipped with the locking device known as Nash transmission?

"2. Did the plaintiff, during the currency of the insurance policy and up to the time of the loss, use all diligence and care in maintaining the efficiency of a locking device upon the car in question, known as Nash transmission, and in locking the automobile when leaving the same unattended?

"3. Did the plaintiff, in signing and subscribing to the affidavit taken before Myrtle M. Flowers, notary public, know that she was signing an affidavit and the general contents of such affidavit?"

The findings of the jury upon the questions so propounded are as follows:

"1. We the jury find the plaintiff did keep the automobile in question continuously equipped with the locking device known as Nash transmission.

"2. We the jury find that plaintiff, during the currency of the insurance policy and up to the time of the loss, did use all diligence and care in maintaining the efficiency of the locking device upon the car in question, known as Nash transmission, and in locking the automobile while leaving the same unattended.

"3. We the undersigned jury find that the plaintiff, in signing and subscribing to the affidavit taken before Myrtle M. Flowers, notary public, did not know that she was signing an affidavit and the general contents of such affidavit."

The court adopted the findings of fact Nos. 1 and 2, but did not adopt the finding No. 3, and thereupon entered a decree reforming the policy as prayed in defendant's answer and entered judgment for plaintiff in the sum of $1800 and interest at six per cent per annum with costs, but denied recovery of attorney's fee and penalty for vexatious delay. A timely motion for a new trial was unavailing and defendant has appealed.

For his charges of error defendant asserts (1) that the court erred in adopting the first and second findings of fact submitted to the jury; (2) in holding that plaintiff was not guilty of false swearing within the provisions of the policy; (3) that defendant had waived proof of loss under the policy; (4) in holding that plaintiff had complied with the provisions of the locking device rider; (5) in rendering judgment in the amount of $1800 being more than plaintiff was entitled to recover under any theory; (6) in overruling defendant's objection to the introduction of any evidence under the pleadings.

It is urged that the acts of plaintiff in leaving the automobile locking device out of repair for about a month and leaving the automobile unattended in an open place while the locking device was out of repair, constituted a breach of the locking device rider, as a matter of law. Defendant presents several citations in support of this declaration, but we think none is necessary. But the weakness of defendant's position in this respect is that it assumes that the locking device was, in fact, out of order. If it really was out of repair, there could be no question but that such fact constituted a breach of the locking device rider. The situation is thus presented: Plaintiff, at the trial, swore that the locking device was a Nash transmission and that it was upon the car when insured; that the device at all times had been in good repair and that she locked the car when she left it on the evening before it was stolen. Plaintiff's statements in this

respect were corroborated by other witnesses. Thus an issue of fact was squarely presented which, by consent of defendant, was submitted to the jury, with the result above indicated.

It has been held that even though the locking device was out of repair a part of the time while the policy was in effect, recovery will not be defeated if it was in repair and the car locked at the time it was stolen. Being a temporary violation of the warranty, the policy is not affected. [Berryman v. Ins. Co., 199 Mo. App. 503, 204 S. W. 738.] Here we have plaintiff's corroborated evidence that the locking device was at no time out of repair and that the car was locked at the time the theft occurred. The keys to the locking device were presented in evidence.

Defendant offered nothing in refutation of this evidence except the purported affidavit presented in evidence, in which plaintiff is shown to have admitted that the device was, and had been out of order, and was not locked at the time of the theft. However, plaintiff testified that she did not make the adverse statements contained in the purported affidavit, and that the same was procured by fraud and deception.

Of course, being an equity case, this court is not bound by the finding of the jury, but at the same time, such finding will be deferred to because the jury heard the evidence, saw the witnesses, observed their demeanor on the witness stand, and was in better position to pass upon their credibility than are we. The jury was not obliged to believe either side on any question at issue and the question as to whether or not there was a breach of warranty was for the jury on the trial, and is for us now on appeal. We find no error in the adoption of the finding of the jury on question No. 1.

As to the jury's finding No. 2, on reading the record, we find convincing evidence to the effect that plaintiff, during the currency of the policy and up to the time of the loss, used all diligence and care in maintaining the efficiency of the locking device and in locking the automobile while leaving the same unattended. The evidence which we have just held decisive of the first finding of fact applies with equal force and effect to finding No. 2, and there was no error in the action of the court in this respect.

It is charged the court erred in holding the defendant had waived proof of loss; and in this connection, defendant urges there is no question of waiver in the case, either as to forfeiture for failure to maintain the locking device, false swearing, or failure to make proof of loss. The points as to false swearing and failure to maintain the locking device, we have already determined, so that the only one of these points remaining for consideration is that of alleged failure to give proof of loss.

The evidence in plaintiff's behalf shows that the theft of the car occurred March 8, 1925, and that the Kansas City police department was duly notified; that defendant was verbally notified of the loss, which defendant admits. The testimony further shows that on April 7, 10 and 18, all being within sixty days after the theft of the car, plaintiff's counsel wrote defendant mentioning the loss of the car, its description and other data relative thereto, and asked for blank proofs of loss, if such proofs of loss were required. No blanks were sent. Defendant attempts to meet this situation by declaring that it never promised to furnish blank proofs of loss.

A waiver is defined as an intentional relinquishment of a known right. It has been held that to make out a case of implied waiver, there must be some clear, unequivocal and decisive act of the party showing such purpose, amounting, in effect, to an estoppel. [Schwab v. Brotherhood, etc. (Mo.), 264 S. W. 690.] It is defendant's position that the terms of the policy do not require defendant to furnish blank proofs of loss; that sections 6237 and 6238, Revised Statutes 1919, which require the insurer to furnish such blanks apply only in cases of fire insurance. The general rule in this respect is laid down in 33 C. J., par. 684, p. 26, as follows:

"The fact that the company, even with notice of loss, remains inert and fails to demand that insured comply with stipulations as to proofs of loss does not constitute a waiver thereof, *unless coupled with other acts calculated to lead insured to believe that proofs need not be furnished*. But this rule does not apply to proofs of special matters not within the scope of ordinary proofs of loss, and proof of these matters is waived unless the company demands it."

The evidence shows that plaintiff herein verbally notified of the loss by theft; and in addition, the letters of counsel for plaintiff on April 7, 10 and 18, repeatedly besought defendant to send blank proofs of loss, if such were desired by the company. These letters were all within the sixty days required for filing such proofs of loss. Defendant ignored these letters, and not only failed to furnish the blanks requested, but failed to notify plaintiff that proofs were desired when plaintiff asked this information. Under the rule above set forth, this amounts to a waiver, and we hold against defendant on this point.

The rulings above cover all the points, raised by defendant as grounds for reversal. We fail to find reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.