**DELMAR BANK OF UNIVERSITY CITY, a corporation, (Plaintiff) Appellant,**

**v.**

**Raymond O. DOUGLAS and Violet L. Roehrig, d/b/a Sunset-Grant Realtors, and Merril W. Chrisman and Margie Chrisman, (Defendants) Respondents.**

No. 31069.

St. Louis Court of Appeals.

Missouri.

March 19, 1963.

Sheldon D. Grand, Clayton, for appellant.

Hartwell G. Crain, Clayton, for respondents.

MARSHALL CRAIG, Special Judge.

The Plaintiff-bank brought its suit against the defendants for recovery of the sum of $541.17 paid by the plaintiff to the defendant on a check, which payment plaintiff claims to have been made through mistake. The parties stipulated the following facts:

### "STIPULATION OF FACTS"

"Come now plaintiff and defendants Raymond O. Douglas, Violet L. Roehrig, d/b/a Sunset-Grant Realtors, Merril W. Chrisman, and Margie Chrisman, by their respective attorneys, and stipulate and agree that the following facts are true:

"1. On or about the 9th day of June, 1959, the William L. Cassidy Realty Co. drew its check No. 1726, dated August 1, 1959, upon plaintiff-bank, made payable to 'Sunset Grant Realty Co., Agents for Merril W. Chrisman and Margie Chrisman, his wife,' in the amount of $541.17, the original of said check being attached hereto and made a part hereof.

"2. Said check was deposited for and on behalf of defendants in the Citizen's National Bank of Maplewood on June 10, 1959, and was honored by and paid out upon plaintiff-bank on or about June 12, 1959.

"3. On or about July 2, 1959, the maker of said check, William L. Cassidy Realty Co., ordered plaintiff to stop payment upon said check, the original of said stop payment order being attached hereto and made a part hereof.

"4. Neither plaintiff nor defendants were aware of the date on said check at the time when it was presented and honored, as aforesaid, but if defendants had been aware of said date said check would not have been accepted by defendants, and if plaintiff had been aware of said date it would not have been honored, until the date thereof.

"5. Defendants have failed and refused, and still fail and refuse, though often requested to do so, to pay to plaintiff the sum of $541.17."

The trial court entered its judgment in favor of the defendants, and plaintiff-bank filed its motion for a new trial on the ground that "said verdict and judgment are against the law and the evidence and the law under the evidence." The motion for a new trial having been overruled, plaintiff-bank filed its appeal. The appellant sug-

gests that the judgment should be reversed because (1) The court erred in refusing to render judgment in favor of plaintiff-appellant, for when money is paid under a mutual mistake of fact, that money can be recovered and (2) The Court erred in refusing to render judgment and verdict for plaintiff-appellant since appellant could not lawfully charge the maker of the check with the amount paid out.

The parties, in the agreed statement of facts, confine the issue to a determination of the respective rights where there has been a mutual mistake of fact. The mistake was one that either or both parties could have easily discovered by observing the check. The date clearly appeared thereon. At the time of the filing of the suit the appellant had paid out the money and was not, it claimed, in a position to recover from the maker of the check by reason of the fact that the maker had, before the date shown on the check, that is August 1, 1959, ordered payment stopped on the check.

The Missouri Courts recognize the rule that money paid to another by reason of the existence of a mistake of fact, which would entitle the other to the money, and which the payor would not have paid had the true facts been known, may be recovered, if the payment has not brought about a change in the position of the one receiving the money so that it would be unjust to require repayment. This general principle of law is well stated in Section 187, Volume 40 American Jurisprudence, at page 844, under the general subject of payment, as follows:

"It is a firmly established general rule that money paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, which would not have been paid if it had been known to the payor that the fact was otherwise, may be recovered, provided the payment has not caused such a change in the position of the payee that it would be unjust to require a refund. The ground on which the rule rests is that money paid through misapprehension of facts belongs, in equity and good conscience, to the person who paid it."

The Missouri Supreme Court, in the case of American Brewing Co. v. City of St. Louis (1905), 187 Mo. 367, 86 S.W. 129, had before it the question as to whether or not the plaintiff could recover where it is alleged that plaintiff had been required to pay a greater amount than was shown to be required by an ordinance. The plaintiff's contention was that it had paid an excessive amount through mistake. The Court, in 86 S.W. 129, 1. c. 131, stated:

"It is a well-settled rule of law that money paid through a mistake of fact may be recovered in an action for that purpose. 15 Am. & Eng.Enc.Law (2d Ed.) p. 1103, and cases cited. But this rule is subject to the qualification that the party paying must make the payment under a bona fide belief that the money is due. For if he did not believe he owed the money at the time he paid it, he can not recover it. * * * But in all such cases the mistake must be one of fact, and not of law, for all persons are deemed to have notice of the law. * * * The rule stated has been uniformly followed in this state in reference to all kinds of payments, including taxes, licenses, and claims; and the doctrine is firmly established that payments made with a full knowledge of all the facts constitute voluntary payments, and cannot be recovered, and that mistake or ignorance of law gives no right to recover."

In the case of Jones v. Miners' & Merchants' Bank, 144 Mo.App. 428, 128 S.W. 829, the Springfield Court of Appeals was called upon to decide a case where a payment of a forged note was made under the mistaken belief that it was genuine, and after payment it was discovered it was

forgery. The Court, in 128 S.W. 829, l. c. 830, stated:

> "It is clear in this case that the money paid by plaintiff to defendant was paid under the mistaken belief that he was paying a genuine note, and were this forged instrument, in form, not a negotiable note, there could be no question that plaintiff could recover, for the general rule is that money paid without consideration and under mistake as to the facts may be recovered."

The Kansas City Court of Appeals, 1926, in the case of Bank of Ethel v. Colmen, Mo. App., 290 S.W. 1022, had before it the question as to a settlement based on a statement, which statement it was alleged was based on a mutual mistake. The Court held that the testimony supported the contention that there was a mutual mistake. In the holding, the Court stated that money paid under a mutual mistake can be recovered. The Court determined that the parties were attempting to arrive at a correct amount to be paid, and there was not a clear determination between the parties as to the correct amount, and that "[m]oney paid under such circumstances has been held to be money paid under a mistake of fact, and may be recovered."

In the case of Roush v. Hussey Lumber Co., Mo.App., 27 S.W.2d 1033, an action had been brought to recover a balance alleged to be due on a parole contract for manufacturing and sawing certain ties and lumber. The defendant contended that it had overpaid plaintiff under the terms of their agreement, and contended that by reason of the overpayment based on a mistake of fact it should not be forced to pay the full amount since the figures were based on an estimate. The Court in 27 S.W.2d 1033, l. c. 1034, stated the principle of law as follows:

> "Without going further into the facts, it seems to us a clear issue was raised for the jury upon the question as to whether or not plaintiff had been overpaid. The rule contended for by defendant to the effect that where money is paid by mistake, although there was negligence on the part of the person making the payment, it may be recovered back, is, of course, well founded. It is subject to the exception that payment cannot be recalled when the position of the person to whom the payment was made has been changed to his prejudice."

█ In the case now before the Court, there is no argument about the facts. The parties agree that there was a mutual mistake and that if defendants had been aware of the mistake (the date on the check) they would not have accepted the check and if the plaintiff had been aware of said mistake, it would not have honored the check until its actual date. The plaintiff-bank believed that the money was due on the check and honored it. The bank did not notice the date and in so doing was careless, if not negligent. However, as is stated in the Roush case, supra, even negligence will not bar the bank from applying the rule that is recognized by the Missouri Courts that where there has been a mutual mistake, the money paid out may be recovered. The events that took place in this case were not of such nature that it would be unjust to permit the plaintiff to recover its money. Under the facts peculiar to this case, plaintiff is entitled to be put in the position it would have been in had there been no mistake of fact. Under the agreed statement of fact, the position of the defendants was not altered to their prejudice and it would not be unjust to require a refund. As a result of the peculiar facts in this case, the plaintiff should recover the money it paid out and the judgment of the trial court should be reversed.

For the reasons stated, the judgment of the lower court is reversed and judgment ordered entered for the plaintiff and against the defendants in the sum of $541.17.

ANDERSON, P. J., and WILLIAM M. KIMBERLIN, Special Judge, concur.