WILLIAM LEE, Respondent, v. THE CRESCENT COLOR
COMPANY, Appellant.

St. Louis Court of Appeals, October 29, 1895.

The Evidence in this cause is considered, and held sufficient to support the verdict.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*G. H. Ten Broek* and *L. C. Spooner* for appellant.

*John B. Dempsey* for respondent

BOND, J.—Plaintiff sued the defendant for $100 as the contract price of a smoke consumer furnished to it. The case was tried before a justice where judgment was rendered in favor of plaintiff, and, upon defendant's appeal to the circuit court, plaintiff again recovered judgment, from which defendant appealed to this court, where the only error assigned is that there is no evidence to sustain the verdict of the jury.

An examination of the bill of exceptions shows that plaintiff testified, in substance, that the smoke consumer furnished by him to defendant was constructed for the agreed price of $100. On this point, plaintiff was asked the following questions, and made the following answers thereto:

"*Q.* Was there anybody present when you talked to Mr. Mellen? *A.* No, not as I remember."

"*Q.* What was said, if anything, about the price? Well, he understood the price to be $100. He was to pay me $100."

Plaintiff also testified on cross-examination as follows:

"*Q.* Did you make a contract with Mellen then and there? *A.* We had an understanding then and there."

"*Q.* What was the understanding? *A.* The understanding was, I was to put it in on Ellison's recommendation."

"*Q.* Was it part of the contract that you were to furnish the material? *A.* I was to furnish everything and get $100."

"*Q.* I will get you to state if Mellen said anything to you about paying you $100? *A.* He agreed to pay me; told me, when we tested the thing, he wanted sixty days' trial."

Plaintiff further testified that he offered defendant's president a discount of $10 for the prompt payment of the bill. Although somewhat vague, there was evidence from which it might be inferred that plaintiff presented a bill for the amount sued for to Mr. Mellen, president of the defendant corporation. The plaintiff also testified that, when he called to see Mr. Mellen to get the job, he, plaintiff, told the said Mellen that the price would be $100, and that Mellen never directly or indirectly claimed that his contract for the smoke consumer was made with Ellison & Sons, either at the time when plaintiff first came to see him, or any of the other various occasions after the completion of the work when plaintiff sought to collect the price therefor from Mellen, or on the occasion when plaintiff offered a discount for the prompt payment of the bill within sixty days, which Mellen required before payment could be compelled.

The defense in the case was that the contract sued on was made by defendant through its president with the firm of Ellison & Sons, to whom payment was made for the work in question. Mellen, the president

of the defendant corporation, testified that the contract was so made, and that he did not contract with plaintiff. A member of the firm of Ellison & Sons testified that the contract was between defendant and that firm. He admitted, however, that the amount received by that firm from defendant was only $90, or the amount which plaintiff testified he offered to take after allowing a discount of $10 for prompt payment. If further appeared that Ellison & Sons never presented any bill to the defendant for the smoke consumer, but merely receipted when payment was made to them, and applied the sum so received upon an indebtedness due them from the plaintiff. It was also admitted by Mellen that plaintiff personally demanded the price of the work toward the expiration of the sixty days, and that plaintiff had offered a discount for payment of the bill to him before the lapse of this time.

The rule is that the finding of a jury in an action at law will not be set aside on the ground that it is unsupported by the evidence, "unless there is a complete failure of testimony tending to support the verdict or finding." *Williams v. Monroe*, 125 Mo. *loc. cit.* 579, *et cit.* We are not prepared to say that the verdict of the jury, and the action of the trial court in refusing a new trial in this case on the ground of the insufficiency of plaintiff's evidence, should be set aside under the foregoing evidence, or that such evidence was wholly insufficient to sustain a verdict for the plaintiff. The judgment herein will, therefore, be affirmed. All concur.