GEORGE ENGEL, Appellant, v. ROBERT F. POW-
ELL and ALICE A. POWELL, Respondents.

Kansas City Court of Appeals, January 30, 1911.

1. **EQUITY: Mistake: Deficiency in Land Conveyed.** Plaintiff
brought a suit in equity to recover a deficiency represented
by the difference between the actual amount of land purchased
and that conveyed. The action was not based upon breach
of warranty, but upon the ground that plaintiff purchased the
land on the representation of defendant that the tract contained
a certain number of acres, and that by mistake, oversight or
omission, the deed did not expressly warrant said number
of acres. At the time the deed was made, neither plaintiff
nor defendant knew there was a deficiency. *Held*, that the
existence of equitable interests in plaintiff, and the inade-
quacy of his legal remedies, gives equity jurisdiction, and,
since equity affords relief in cases of mistake as well as
fraud, plaintiff is entitled to a judgment for the deficiency.

2. ———: ———: **Evidence: Prior and Contemporaneous Agree-
ments.** Where, on the ground of mutual mistake, a court of
equity has jurisdiction to give a judgment for a deficiency in
the conveyance of land, it is error for the trial court to strike
out evidence as to the agreement made between plaintiff and
defendant, and the latter's representations as to the quantity
of land conveyed, made at and prior to the time of the making
of the contract, and the deed for the sale and conveyance of
the land.

3. ———: ———: ———: **Offers of Compromise.** Evidence of-
fered by plaintiff for the purpose of proving that defendant
was acting in bad faith, the scope of the evidence being to
show what occurred between plaintiff, defendant and defend-
ant's grantor, when plaintiff offered to compromise with the
latter, was rightfully excluded, since, the admission of offers
of compromise in evidence is against public policy, as its ten-
dency would be to encourage litigation.

Appeal from Howard Circuit Court.—*Hon. A. H. Wal-
ler,* Judge.

REVERSED AND REMANDED *(with directions).*

*J. H. Denny* for appellant.

*Percival Birch* and *W. M. Williams* for respondents.

BROADDUS, P. J.—This is a suit in equity wherein plaintiff seeks to recover for the deficiency of 16.13 acres of land, the difference between the actual amount purchased and that conveyed by defendants to the plaintiff. For convenience we will denominate defendants as synonymous as that of defendant.

On the 20th day of January, 1908, and for a period of nine years prior thereto the defendant was the owner of a tract of land situated, partly in Howard and partly in Chariton county, on which date by a written contract he sold to plaintiff and in which the land was described as follows: "All that part of the northwest quarter of section 27 lying west of the county road leading from Glasgow to Salisbury.; also the south half of the northeast quarter of section 28, and the northeast quarter of the northeast quarter of section 28, all in township 52, range 17, containing 255.84 acres." In the deed subsequently made by defendant conveying the land to plaintiff, the land is described as follows: "All the south half of the northeast quarter, and the northeast quarter of the northeast quarter, of section 28, and all that part of the northwest quarter of section 27 which lies west of the public road leading from Salisbury to Glasgow, all in township 52, range 17, reserving a right of way along the northern boundary of the above land leading to the land now owned by G. Nellesen, and being the same tract of land acquired by party of the first part by deed from Wm. E. White and wife, dated February 16, 1899, recorded in Book 56 at page 218 deed records of Howard county, Missouri, and containing in all 255.84 acres."

The defendant had placed the land in the hands of a real estate agent for sale, listing it at 256 acres

at $65 per acre, and both defendant and his agent represented to plaintiff, who it appears relied upon such representations, that the tract contained said number of acres. The plaintiff at one time asked defendant if he knew exactly how much land he had in the farm, to which defendant replied that it contained 256 acres with a fraction more or less, but that the fraction did not amount to as much as one acre. It was shown that plaintiff lived in another county and was practically unacquainted with the land, although he had seen it twice before he bought it. It will be seen by the description that the tract was irregular in shape.

In the negotiations which led up to the purchase and sale of the land, the defendant fixed his price at $65 per acre, the plaintiff offering to pay him $60 per acre. It was finally agreed that they would split the difference in the offering and selling price and the price was fixed at $62.50 per acre. At the time of writing the contract defendant produced the deed from his grantor which gave the number of acres of the land as 255.84. At the time the deed was executed on the 13th day of February, 1908, at the direction of the defendant, the consideration in money and a note for $3500 was paid over to defendant's wife. In March following, plaintiff went into possession of the land and began to make improvements. In the following December, when he received his receipts for taxes paid on the land he ascertained that one called for 113 acres in Chariton county and one for 133 acres in Howard county, making a total of 246 acres. Afterwards he caused it to be surveyed and ascertained that there were only 239.71 acres in all.

The plaintiff offered to prove that his attorney went to see Mr. White, the person from whom defendant had purchased the land, and that White offered to pay $750 in settlement of the matter, provided defend-

ant would consent to release him, but that defendant refused his consent to such settlement unless White would also pay him $50, the amount of a debt which he had incurred in consulting his lawyer. This offer was refused by the court. The court also struck out from the evidence all prior and contemporaneous agreements and representations made by defendant as to the number of acres in the tract of land.

The contract has no stipulation as to the value of the land per acre, but recites a total consideration of' the sum of $16,000. It also appeared that defendant did not himself know there was a deficit in the number of acres in the tract, at the time he made the deed to plaintiff.

The plaintiff alleges and shows the insolvency of the husband and makes his wife a party to the proceedings for the purpose of reaching the property she received as a gift from her husband. The action is not based on a breach of warranty, but upon the ground that the plaintiff purchased the land on the representation of defendant that the tract contained 255.84 acres, and that by mistake, oversight or omission, the deed conveying the land to him did not expressly warrant to plaintiff said number of acres. The finding and judgment were for the defendant from which plaintiff appealed.

In a case at law where the facts were similar to these, the grantee sued to recover from his grantor the value of the deficit in the land conveyed. The court held that: If the plaintiff desired the deed to show a sale by the acre or that the tract was warranted to contain a certain number of acres, he should have had it expressed in the deed, and that the deed, "will measure his rights and liability, and the transaction will be a sale of the tract of land described for a stated price in solido." [Hendricks v. Vivian, 118 Mo. App. 417.] And such seems to be the well set-

tled law of the state in such cases. But there are numerous cases in equity the courts afford a remedy where there has been fraudulent representations or mistake as to the quantity of land in a certain tract conveyed.

It is held that: "False statements and representations made by the vendor, positively and as of his own knowledge, as to the number of acres in a certain tract of land, when the tract is being negotiated by the acre, are not regarded as expressions of opinion, but are considered statements of fact and as such constitute fraud." [Judd v. Walker, 215 Mo. 312.] The opinion cites numerous decisions of the Supreme and Appellate courts of the state which hold to the same effect. As the case is the last expression of the Supreme Court on the question we refrain from calling attention to any prior ones.

The courts of equity afford relief in cases of mistake as well as in cases of fraud. [Hendricks v. Vivian, supra.] Equity affords relief where the written agreement does not, through mistake of both or either party to it, express the real agreement. [Gottfried v. Bray, 208 Mo. 652.] In Alabama, it is held that: "It appearing that the vendor represented that the tract contained about twenty-five acres more than it really did contain, the mistake is so gross and palpable that equity will afford the vendee relief by abatement of the purchase price." [Hodges v. Denny, So. Rep. vol. 5, p. 492.] In a Kentucky case the facts were as follows: "In the negotiations the vendor represented that the land contained ninety acres, and a survey showed that quantity. A deed was given containing ninety acres 'more or less', and thereafter it was discovered that through an error it calls the tract contained seventy-eight acres, and the purchaser sued in equity for relief against the deficiency on the ground of mistake or fraud. Held, that a contention that the

purchaser got all he bargained for, and that there was no loss of any part of the property, was not pertinent, though it might be in an action for breach of warranty, since the gist of the present action was mistake or fraud.'' [Boggs v. Bush, 122 S. W. 220.] In Texas it is held that: ''Where land is sold by the acre, and the parties are under a mutual mistake as to the quantity conveyed, equity will grant the purchaser a proportionate abatement of the price.'' And that: ''The purchaser is not precluded by a recital of 'more or less' in the deed from showing, under an allegation of fraud or mistake, an agreement contemporaneous with the execution of the deed, making the transaction a sale by the acre.'' [Franco-Texan Land Co. v. Simpson, 20 S. W. 953.]

It is generally understood that equity jurisdiction depends on two facts, the existence of equitable interests and the inadequacy of legal remedies. There can be no doubt but what plaintiff has such interest as disclosed by the evidence, and that he has no legal remedy.

It follows therefore, that the court committed error in striking out the evidence as to the agreement made between plaintiff and defendant, and the latter's representations as to the quantity of land in the tract conveyed, made at and prior to the time of the making of the contract and the deed for the sale and conveyance of the land.

The action of the court in excluding the evidence of what occurred when plaintiff was seeking to have the matter in controversy settled, with White, the defendant's grantor, is approved. The declarations made at the time of the offer, that it was not made to show an offer of compromise, but for the purpose of showing that defendant was not acting in good faith, did not make it competent evidence. The purpose for which it was offered, did not render that competent,

which from its nature was forbidden by the law. Offers to compromise are universally held to be incompetent evidence for all purposes, upon the theory that it would be against public policy to admit such evidence as its tendency would be to encourage litigation, and thus prevent peaceable settlement.

Under plaintiff's allegations he was entitled to the relief prayed for. The cause is reversed and remanded with directions to enter judgment for the amount of the deficiency at $62.50 per acre, and that he have the amount credited on the note held by the wife for the balance of the purchase money. All concur.