CHARLES E. COOK, Respondent, v. W. C. SMITH, Appellant.

Springfield Court of Appeals, November 5, 1914.

1. REAL ESTATE: Contract of Sale: Cancellation: Rescission: Non-Existence of Described Property. Action to rescind contract of sale of·land and to have canceled and declared void note and mortgage given as security for purchase payment. That no land existed such as described in the instrument in the county named authorizes the decree canceling the note and mortgage and rescinding the contract.

2. APPELLATE PRACTICE: Trial Court's Finding: Evidence Conflicting. The appellate court will not disturb the finding of the trial court on evidence which is conflicting.

184 Mo. App.—36

Cook v. Smith.

3. **REAL ESTATE:** Contract of Sale: Cancellation: Non-Existence of Land Described: Defense. Action by purchaser of land to cancel the note given in payment and the securing mortgage on the ground that no land existed answering the description in the deed. That the defendant had been deceived by his vendor and did not know that there was no such land, cannot avail as a defense.

4. **FALSE REPRESENTATIONS:** Innocently Made: When Cancellation Warranted. Where a vendee merely seeks to rescind the sale of land and recover or avoid the payment of the purchase price because of false representations and misstatements, it is enough that the representations were false, though innocently and ignorantly made, if by them the vendee was induced to make the purchase and part with his money.

5. ———: Recovery of Purchase Price: Want of Diligence. Action by purchaser of land to cancel a note given in payment and mortgage securing same because such land does not exist. Plaintiff cannot be defeated on the ground of lack of diligence in bringing the action, when it appears that the delay was not unreasonable, that the defendant was in nowise injured thereby and that the action was begun before defendant tried to enforce the note given for purchase price.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Talma S. Hefferman* and *Wright Brothers* for appellant.

(1) Plaintiff did not rely on any statements of Smith, but on the papers. He knew from Smith that he was without knowledge other than the sources imparted. Smith imparted to Cook all the facts within his knowledge. There was no suppression of facts. Bradford v. Wright, 145 Mo. App. 630. (2) Before plaintiff can recover for fraud, he must prove it; that defendant made the fraudulent representations; that plaintiff had the right to rely on the statements and did rely on them and that that influenced his actions. Shearer & Martin v. Hill, 125 Mo. App. 375; Younger v. Hoge, 211 Mo. 444, 458; Funding v. Heskett, 125 Mo.

App. 516, 530; Troll v. Spencer, 238 Mo. 81, 101. (3) Both parties had equal means of information hence action must fail. Hines v. Royce, 127 Mo. App. 718; Bradford v. Wright, 145 Mo. App. 630. (4) Plaintiff must act with diligence in undertaking to rescind. Landon v. Tucker, 130 Mo. App. 704; Implement Co. v. Ellis, 125 Mo. App. 692.

*Hamlin* and *Seawell* for respondent.

(1) The appellant positively stated that he was the owner of this land, and told respondent that it was located on Horse Creek, northeast of El Paso. This was untrue, and hence fraud. If appellant did not know this to be true, he should not have made the statement and having made it, even without knowledge of its falsity, would convict him of fraud in a court of equity. Judd v. Walker, 215 Mo. 312. (2) If appellant thought that this land was in existence in said county, and respondent likewise thought so, and respondent executed a note and mortgage under such circumstances, then of course he is entitled to relief upon the ground of mutual mistake, or failure of consideration. Clinkenbeard v. Weatherman, 157 Mo. 105-112; Dunn v. White, 63 Mo. 184; Norton v. Bohart, 105 Mo. 615; Engel v. Powell, 154 Mo. App. 233-237; Jones v. Bank, 144 Mo. App. 428. (3) Appellant received something for nothing, and it would be inequitable and unjust for him to profit by such a transaction, even if there were no fraud and when it appeared from the evidence that respondent tendered back a deed and demanded a cancellation of the security. The trial court did right in entering judgment for him and it should be affirmed.

STURGIS, J.—This is a suit to rescind a contract of sale of some land described as being in El Paso county, Texas, and to have the court cancel and

declare void the note and mortgage to secure same given by plaintiff to defendant in payment of the purchase price. The court granted the relief prayed.

The petition is in two counts. The first states as grounds for relief that plaintiff purchased the Texas land from defendant and gave him the note and mortgage in payment thereof, but that defendant, having recently purchased said land from one Martin and, holding a deed from him with the name of the grantee left blank, instead of taking a conveyance from Martin to himself and then conveying to this plaintiff, caused the deed from Martin to be made direct to plaintiff as grantee. It is then alleged that neither Martin nor the defendant owned the land conveyed and, in fact, that there was no such land in existence in El Paso county, Texas, as that described and purported to be conveyed in the deed from Martin to plaintiff; that the consideration of the note and mortgage given by plaintiff to defendant has wholly failed and same are without consideration; that defendant's representation that he owned said land and had a right to convey same and the description and location of the land which defendant represented he owned and was selling and causing to be conveyed to plaintiff were and are wholly false and untrue. The plaintiff alleges that, on discovering the fraud and nonexistence of any such land as that sold and purported to be conveyed to him, he tendered defendant a deed reconveying to him by the same description as in the deed to plaintiff this fictitious land and demanded the surrender and cancellation of the note and mortgage, which failing, this suit was brought. It is on this count that plaintiff recovered judgment.

The land is described in a way different from that used in this and other States where the United States surveyed the land into sections, townships and ranges, and conveyances describe the land in that manner. The description here is: "All of section thirteen

(13), Patent Abstract No. 104, Certificate number 2115, Survey No. 37, Original Grantee G. C. and S. F. Railroad Company and Patented to Emily M. Perry, May 10, 1882, by Patent No. 77, Volume 70, Deeds of Recorder, El Paso county, Texas, containing 640 acres more or less according to the Government Survey." It is shown that in Texas public land is sold to purchasers with little or no reference to location by issuing certificates calling for the number of acres paid for and the purchaser then locates and has surveyed a tract of the size called for and a patent is issued to him accordingly. The description in subsequent conveyances is taken from the certificate, survey, patent, etc.

It was abundantly shown, and is practically conceded, that no land answering to the description contained in the conveyance to plaintiff can be found or exists in El Paso county, Texas. Plaintiff ascertained this by a visit to that State in search of his land. There is some evidence that a tract of land answering *in part* to this description may be found in another county in that State and would be looked for in such other county by those familiar with land descriptions there. It is not shown, however, that either defendant or Martin had title to such other land. This point, therefore, needs no further discussion.

The real issue in the trial court, and on this there is a sharp conflict in the evidence, especially of the parties themselves, was as to whether plaintiff bought the land from defendant or from Martin with defendant acting for plaintiff in the negotiations. The substance of defendant's evidence is that in dealing with Martin he was doing so on behalf of plaintiff and at his instance and never represented himself as owner of the land; that plaintiff desired to buy the land from Martin and, not having the cash to pay therefor, got defendant to buy it for him and then gave the note and mortgage to defendant for the money paid by him

to Martin on plaintiff's behalf.  The plaintiff denied
this *in toto* and said he bought direct from defendant
as owner, and that defendant represented himself to
be the owner and that he had nothing to do with Mar-
tin in making the trade.  There is evidence *pro* and *con*
on this question, which was resolved by the trier of
the facts in plaintiff's favor and we are not justified
after a careful reading of the same in overturning this
finding.

If we accept this finding of the facts, then it ought
not to be questioned that, the title and existence of
the thing sold having failed and plaintiff having re-
ceived nothing for the note and mortgage given for the
land, such facts would support an action to recover the
purchase money if already paid, or defeat any suit
to recover same, or, anticipating any effort to collect
and enforce the note and mortgage given for the pur-
chase price, to have such note and mortgage declared
void.    It is claimed, however, that plaintiff should
fail in this action because defendant did not profess to
have ever seen the land, but relied on his vendor, Mar-
tin, as to its existence and his title.  In other words,
defendant seeks to be relieved because he also was de-
ceived by his vendor, Martin, and did not know that
there was no such land as he was attempting to sell—
that defendant's liability to give up the purchase
money rests on his guilty knowledge of selling what he
did not own and what did not exist and this was not
proven.   This would probably be true in an action for
damages based on fraud and deceit, but where the
vendee merely seeks to rescind the sale and recover
back or prevent his having to pay the purchase price,
it is enough that the representations be false, however
innocently made or ignorant of the facts the party mak-
ing such representations may be, where the other party
has been induced thereby to make the purchase and
part with his money.  [Glasscock v. Minor, 11 Mo.
655; Dunn v. White, 63 Mo. App. 181; Culver v. Smith,

82 Mo. App. 390, 392; Clinkenbeard v. Weatherman, 157 Mo. 105, 115, 57 S. W. 757; Leach v. Bond, 129 Mo. App. 315, 108 S. W. 596; Green v. Worman, 83 Mo. App. 568, 574; Lynch v. So. Mining L. & L. Co., 135 Mo. App. 672, 682, 117 S. W. 624; Peters v. Lohman, 171 Mo. App. 465, 482, 156 S. W. 783; Norton v. Bohart, 105 Mo. 615, 16 S. W. 598; Engel v. Powell, 154 Mo. App. 233, 237, 134 S. W. 74; Jones v. Bank, 144 Mo. App. 428, 128 S. W. 829.]

The second count of the petition states practically the same facts as warranting relief but bases plaintiff's right to recover on there being a mutual mistake as to the title and nonexistence of the land. Even if we concede, which we do not, see cases cited, supra, that plaintiff could not recover where the mistake was mutual, the court did not grant relief on this count.

We have noted appellant's point that plaintiff lacked diligence in bringing this action and should be defeated for that reason, but defendant was in no way injured by the delay, which indeed was not unreasonably long, and plaintiff commenced this action either before the note given for the purchase price was due or at least before defendant tried to enforce the same. The judgment will be affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.